**BUCKLIN COAL MINING CO. v. UNEMPLOYMENT COMPENSATION COMMISSION et al.**

No. 180.

District Court, W. D. Missouri, Central Division.

Dec. 14, 1943.

Ralph W. Street, of Kansas City, Mo., for plaintiff.

George A. Rozier, Chief Counsel Unemployment Compensation Commission, and Edward D. Summers, Asst. Counsel Unemployment Compensation Commission, both of Jefferson City, Mo., for defendant.

Before JOHNSEN, Circuit Judge, and DUNCAN and COLLET, District Judges.

COLLET, District Judge.

By the complaint herein the plaintiff, a coal mining company, seeks a declaratory judgment adjudicating Subsection (h) of Section 9427, Revised Statutes Missouri 1939, of the Missouri Unemployment Compensation Law as amended, Laws Mo.1941, page 596 unconstitutional, Mo.R.S.A. § 9427, and further seeks an interlocutory and permanent injunction restraining the Unemployment Compensation Commission of Missouri and the individual members

thereof from enforcing the assessment and collection of a tax in the nature of a contribution to the State Unemployment Insurance Fund assessed pursuant to subsection (h).

A statutory three-judge Court was convened for the hearing of the application for the interlocutory injunction. That hearing was held prior to the statutory return date. The application was submitted upon the verified complaint and a supporting affidavit. Subsequent to the date of that hearing and prior to the return date, the defendants filed their joint motion to dismiss upon the grounds (1) that this Court is without jurisdiction by reason of the provision of the Act of August 21, 1937, 50 Stat. 738, amending Section 24 of the Judicial Code, 28 U.S.C.A. § 41(1),[1] and (2) that the action may not be maintained because it is in effect a suit against the State of Missouri which has not consented to be sued or waived its immunity from suit, and (3) because the petition fails to state a "claim against the defendants upon which relief can be granted." By agreement of the parties the motion to dismiss was submitted on written memoranda.

The complaint and affidavit presented the following facts: The Unemployment Compensation Commission of Missouri was established under the provisions of Article II, of Chapter 52, Revised Statutes of Missouri 1939. The members of that Commission are charged with the enforcement of the provisions of that Act as amended by the Laws of Missouri 1941, page 566, et seq., Mo.R.S.A. § 9422 et seq.

On June 19, 1941, Mr. C. W. Miller came into control of the Bucklin Coal Company at a time when that company was insolvent and had practically ceased operations. On July 22, 1941, Mr. Miller purchased all of the property of the Bucklin Coal Company at an execution sale free and clear of all incumbrances junior to the tax lien of the United States under which the sale was made. July 25, 1941, the Bucklin Coal Mining Company was incorporated and on August 2, 1941, received its authorization from the Secretary of State of Missouri to commence business operations. On August 2, 1941, Mr. Miller sold and transferred all of the mining machinery and equipment acquired by him at the execution sale of the Bucklin Coal Company's property to the Bucklin Coal Mining Company, receiving therefor a majority of the shares of the capital stock of the Bucklin Coal Mining Company, which company has from the time of its organization made contributions to the State Unemployment Compensation Fund at the rate of 2.7% of its payrolls. On September 1, 1942, the defendants made an order assessing plaintiff $221.67 in taxes or contributions, that sum representing the difference between 2.7% and 3.6% of plaintiff's payrolls during the first and second quarters of the year 1942 plus interest, and also assessed plaintiff with $5,585.03 in taxes or contributions which had accrued against the Bucklin Coal Company prior to the execution sale. These assessments were all made pursuant to the requirement of subsection (h), supra, which became effective July 1, 1941, and which provides in effect that when the trade or business or all of the assets of the trade or business of an "employer" is acquired by another "employer" and the Commission finds that (a) immediately after the acquisition the business of the former employer is conducted solely through the successor employer, and (b) that after the change the successor employer is owned or controlled by the same interest which owned or controlled the business or trade of the former employer, and (c) the consideration of the former and the successor "employers" as one entity will not tend to obstruct or defeat the purpose of the Act—they shall be treated as one and the same with the result that the rate of contribution of the former "employer" shall apply to the latter and the latter shall be liable for the delinquent contributions due from the former.[2]

Consideration of the facts alleged in the light of the statute involved indicates that

[1] 28 U.S.C.A. § 41(1). "* * * Notwithstanding the foregoing provisions of this paragraph, no district court shall have jurisdiction of any suit to enjoin, suspend, or restrain the assessment, levy, or collection of any tax imposed by or pursuant to the laws of any State where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State."

[2] Section 9427, R.S.Mo.1939, as amended, Laws Mo.1941, page 596, Mo.R.S.A. § 9427(h):

"(h) Any individual, firm, corporation or employing unit which acquires the organization, trade, or business, or all of the assets thereof, of an employer, excepting, in any such case, any assets retained by such employer incident to the liquidation

the probable theory upon which the challenged assessments were made was that Mr. Miller controlled the trade, business and all of the assets of the former employer—the Bucklin Coal Company—prior to its sale to him at the execution sale and that since that sale he has continued the operation of the business of the Bucklin Coal Company through the Bucklin Coal Mining Company which he also controls.

But plaintiff contends that the Act is unconstitutional in that Subsection (h) authorizes the Commission to place it in the same classification applicable to the Bucklin Coal Company for tax purposes upon the finding alone that the same entity which owned or controlled the Bucklin Coal Company also owns or controls the plaintiff, without regard to whether the old business is or is not still being conducted by the same controlling interest. It is asserted that such an attempted classification is arbitrary, discriminatory and unreasonable and its enforcement will result in the seizure of plaintiff's property, deprive it of its property without due process of law, deny to it the equal protection of the law, impair the obligation of contracts, and operate retrospectively, in violation of the several provisions of the State and Federal Constitutions relating to those subjects.

The complaint predicates plaintiff's right to invoke the jurisdiction of a Federal Court to restrain the collection of a state tax upon the premise that this action is one for a declaratory judgment. It makes no reference to the existence or nonexistence of a plain, speedy and efficient remedy in the State Courts. Apparently, plaintiff would by its assertion in the complaint that the action is for a declaratory judgment, brought under the Declaratory Judgment Act, 28 U.S.C.A. § 400, invite us to ignore the prayer for injunctive relief and assume that the action is a declaratory judgment action with the result that Section 41 of 28 U.S.C.A.[3] is inapplicable (which assumption would be highly debatable. See Great Lakes Dredge & Dock Co. et al. v. Huffman, 319 U.S. 293, 63 S. Ct. 1070, 87 L.Ed. 1407). A litigant may not by such means effectively classify the action as one for a declaratory judgment when by its dominant characteristics it should be otherwise classified. Note Meredith v. City of Winter Haven, 64 S.Ct. 7, decided November 8, 1943.

But it is unimportant to the proper determination of this action whether it be treated as one for a declaratory judgment or as an injunction suit. Section 41, supra, deprives this Court of jurisdiction ab initio if it be treated as an injunction suit and an adequate remedy may be had in the

---

of his obligations, and in respect to which the commission finds that (i) immediately after such change the business and activity of the predecessor employing unit or units are conducted solely through the successor employing unit (ii) after such change, such successor is directly or indirectly owned or controlled by legally enforceable means by the same interests, as owned or controlled the predecessor employing unit prior to such acquisition (and for the purpose of this subsection, direct or indirect ownership by the same interests of the majority of the voting shares of an employing unit shall, among other things, constitute prima facie evidence of control by legally enforceable means) and (iii) the consideration of such two or more employing units as a single employing unit for the purposes of this section will not tend to defeat or obstruct the object and purpose of this law, shall stand in the position of such predecessor employing unit in all respects, including the predecessor's separate account, actual contribution and benefit experience, annual payrolls, and liability for current or delinquent contributions, interest and penalty, and contribution rate whether more or less than two and seven-tenths per centum.

Provided, that in the event the successor employing unit was, prior to such acquisition, an employer, and there is a difference in the contribution rate established for such calendar year applicable to any acquired or acquiring employer, the commission shall make a recalculation of the contribution rate applicable to the successor employer based upon the combined experience of all predecessor and successor employers or employing units, which revised contribution rate shall apply to employment occurring after the date of acquisition. For this purpose, a calculation date different from that generally prescribed by this law may be established. Pending the establishment of such revised rate, the employer shall pay contributions on all employment occurring after such acquisition at the highest rate theretofore applicable to any acquiring or acquired employer. In the event that there has been an overpayment of contributions because such combined rate is lower than the highest rate hereinbefore referred to, a refund or adjustment shall be made pursuant to Section 9436 (j)."

[3] Heretofore quoted in the margin.

State Courts. If, however, it be characterized as a declaratory judgment action, Section 41 either applies to such actions completely divesting jurisdiction ab initio, under the circumstances noted, or, Section 41 not applying and jurisdiction existing, such jurisdiction may and should not be exercised when the state law affords the taxpayer an adequate remedy. Matthews v. Rodgers, 284 U.S. 521, 52 S.Ct. 217, 76 L.Ed. 447, Great Lakes Dredge & Dock Co. et al. v. Huffman, 319 U.S. 293, 63 S. Ct. 1070, 87 L.Ed. 1407. The only question of real importance therefore is whether the Missouri law affords plaintiff an adequate remedy in the State Courts. Plaintiff now contends it does not. Defendants assert that it does.

The Act provides that the Commission shall classify employers for each calendar year upon the basis of actual past experience. Section 9427(c) (3), Laws Mo.1941, page 588, Mo.R.S.A. § 9427(c) (3). The base rate for employers without past experience is fixed at 2.7% of wages paid. Section 9427(c) (3) (A), Laws Mo.1941, page 588. Increased or reduced rates are dependent upon experience and previous contributions. When the Commission's investigation discloses an assessment of contributions is due which was not reported by the taxpayer, it is made the duty of the Commission to assess the contributions, interest and penalties and notify the taxpayer thereof by written notice served personally or by registered mail directed to his last known address. The taxpayer may petition for re-assessment by filing a petition therefor within thirty days after the service or mailing of the notice of assessment. Section 9436(d), Laws Mo.1941, page 633, Mo.R.S.A. § 9436(d). When any contribution, interest or penalty imposed is not paid when due and the assessment of which has become final the Commission may file a certificate with the Circuit Clerk of the County of the delinquent's residence, place of business or in which he has property, or all such places, stating the amount due. From the date such certificate is filed it has the force and effect of a judgment for the amount stated therein. Section 9436(g), Laws Mo.1941, page 634. An assessment such as the one involved herein is subject to rehearing and reconsideration upon the petition of the taxpayer therefor filed within ten days after the notice or mailing of the Commis-

sion's decision. Section 9432A, Laws Mo.1941, page 620, Mo.R.S.A. § 9432A. Judicial review may be had after the prescribed administrative remedies are exhausted by filing within ten days after the decision has become final an unverified petition in the Circuit Court or Court of Common Pleas in the county in which the taxpayer resides, or if the taxpayer be a non-resident, in the Circuit Court of Cole County, stating the grounds upon which a review is sought. With the Commission's answer it must certify to the Court the complete record and transcript of testimony taken before it. The action is heard by the Court in a summary manner. The findings of fact of the Commission are conclusive in the absence of fraud and if supported by competent and substantial evidence. The jurisdiction of the Court is confined to questions of law and its order must affirm the Commission's decision or remand the cause to the Commission for further proceedings not inconsistent with the declarations of law made by the Court. These actions are given precedence over all other civil cases except cases arising under the Missouri Workmen's Compensation Law, Mo.R.S.A. § 3689 et seq. Appeal may be had from the Circuit Court or Court of Common Pleas to the Supreme Court of Missouri as in other civil cases. No appeal bond may be required. The Commission may but is not compelled to grant a supersedeas pending judicial review. Section 9432A, Laws Mo.1941, page 620. See also Kellogg v. Murphy, 349 Mo. 1165, 164 S.W.2d 285. Any contributions erroneously collected must be refunded or credit given therefor on other contributions properly due. Section 9436 (j), Laws Mo.1941, page 638, Mo.R.S.A. § 9436(j). Interest and penalties erroneously collected must be refunded. Section 9433A, Laws Mo.1941, page 644, Mo.R.S. A. § 9433A.

Plaintiff asserts the procedure outlined above is inadequate because (a) it provides for no injunction pending final adjudication, (b) it requires four hearings as compared to two under the Federal Declaratory Judgment Act, and (c) the matter of supersedeas is left entirely to the Commission.

We find no merit in either of these contentions. In Great Lakes Dredge & Dock Co. et al. v. Huffman, supra, the Supreme Court held adequate the Louisiana pro-

cedure which required the payment of a similar tax without supersedeas with the right to file suit for its recovery.

We are referred to no authority holding that the necessity for four hearings—before a Commission, in a trial court, in the highest court of the state, and finally in the Supreme Court of the United States—will constitute a denial of a litigant's right to a plain, speedy and efficient remedy.

The cause should be and is dismissed upon the ground that the facts do not present a case which warrants the exercise of equitable jurisdiction by this Court.