Edward W. **ABERNATHY** et al.,
Plaintiffs,

v.

Milton **CARPENTER,** Director of Revenue for the State of Missouri,
Defendant.

No. 723.

United States District Court
W. D. Missouri,
Central Division.

Sept. 14, 1962.

Meyer & Meyer, Stanford S. Meyer, Belleville, Ill., for plaintiff.

Thomas F. Eagleton, Atty. Gen., Robert D. Kingsland, Asst. Atty. Gen., Jefferson City, Mo., for defendant.

Before RIDGE, Circuit Judge, and GIBSON and BECKER, District Judges.

GIBSON, District Judge.

This is an action, brought by a large number of plaintiffs, all citizens and residents of the State of Illinois, against the Director of Revenue for the State of Missouri, pursuant to the provisions of 28 U.S.C.A. § 2281 and 28 U.S.C.A. § 2284. The purpose of the action is to enjoin defendant from collecting or attempting to collect certain Missouri state income taxes from plaintiffs and from assessing, or attempting to assess civil and criminal penalties against plaintiffs for failure to file Missouri state income tax returns.

Plaintiffs contend that they are being denied the "equal protection of the law" and "due process" by the actions of defendant pursuant to § 143.170 RSMo (1959) V.A.M.S. Said Section provides:

> [After providing deductions of $1,200 as a personal exemption, and $1,200 for a spouse, and $400 for each dependent] "A nonresident individual may receive the benefit of the exemption provided for in this section only by filing or causing to be filed with the director of revenue a true and accurate return of his total income, received from all sources, corporate or otherwise, in this state,

in the manner prescribed by this chapter; and in case of his failure to file such return the director of revenue shall collect the tax on such income, and all property belonging to such nonresident individual shall be liable to distraint for the tax."

Plaintiffs contend, in their amended complaint, that this provision is violative of Article IV, § 2, and Amendment XIV, § 1, of the Constitution of the United States, in that it "discriminates between the nonresident Plaintiffs and residents of the state of Missouri solely on the basis of State residence * * * "

Plaintiffs further contend that the statute is violative of the Fourteenth Amendment in that it is arbitrary and unreasonable because the amount of the penalty imposed upon nonresidents is beyond that necessarily required to enforce the tax against nonresidents.

A hearing was held by the statutory three-judge Court on August 20, 1962, at which time the Court took under advisement defendant's motion to dismiss, along with the full case on its merits.

At the hearing plaintiffs admitted that some power existed for the State of Missouri to impose sanctions against nonresidents different from those imposed upon residents of the State of Missouri, in order to enforce the collection of the tax. However, plaintiffs continue to maintain that the sanctions imposed by the state statute in question are arbitrary and unreasonable.

Plaintiffs admit that the State of Missouri might impose a penalty for failure of a nonresident to file a return which might consist of a reasonable percentage figure of the tax liability, but contend that any penalty based on a denial of personal exemptions, being by nature unequal between nonresidents who happen to have more or less personal exemptions than other nonresidents, is arbitrary and unreasonable.

The initial problem that arises is the question of the jurisdiction of this Court. There are two possible grounds for federal jurisdiction. One is the "federal question" jurisdiction contained in 28 U.S.C.A., § 1331. The other possible ground for jurisdiction is the "civil rights" provision contained in 28 U.S.C.A. 1343(3).

It seems clear that any matter which would come under the "civil rights" jurisdiction would also involve a federal question. However, it cannot be said that the jurisdiction conferred on the federal courts under these statutes is coextensive. The distinction between the two statutes appears in the case of Hague v. C. I. O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1028. Although there was no opinion of the Court, as such, in that case, the concurring opinion of Mr. Justice Stone makes the distinction between the two jurisdictional grounds, which this Court believes to be the correct interpretation.

Mr. Justice Stone pointed out that the statutes existed side by side and, therefore, neither could be interpreted as abolishing the other. He went on to say, at page 531 of 307 U.S., at page 971 of 59 S.Ct.:

"The conclusion seems inescapable that the right conferred by the [predecessor of the current civil rights act] to maintain a suit in equity in the federal courts to protect a suitor against a deprivation of rights or immunities secured by the Constitution, has been preserved, and that *whenever the right or immunity is one of personal liberty, not dependent for its existence upon the infringement of property rights, there is jurisdiction* * * * under [the predecessor of 28 U.S.C.A., § 1343] to entertain it without proof [of jurisdictional amount.]" (Emphasis supplied)

In the case at bar, the deprivation, if there be any, is not one of personal liberty, but merely a property right, i. e., the right under all circumstances to deduct certain exemptions from gross income for purpose of an income tax. The plaintiffs may avail themselves of the personal exemptions as a matter of right by duly filing their tax returns in ac-

cordance with the provisions of the statute.

In the case of Holt v. Indiana Manufacturing Co., 176 U.S. 68, 20 S.Ct. 272, 44 L.Ed. 374, defendants, who were tax officers of a county in the state of Indiana, attempted to levy a personal tax against the capital assets of plaintiff. Plaintiff alleged that these capital assets consisted entirely of letters patent issued by the United States government, which were not subject to state taxation. In discussing jurisdiction under the predecessor of our current Civil Rights Act the Court stated, at page 72 of 176 U.S., at page 273 of 20 S.Ct.:

> " * * * it is sufficient to say that [the Civil Rights Statutes] refer to civil rights only and are inapplicable here."

The Court is aware of the case of Schlosser v. Welsh, D.C., 5 F.Supp. 993, cited by plaintiffs. In that case, defendant was attempting to assess an income tax of the State of South Dakota against plaintiffs who worked for the federal government. The taxing statute involved, as interpreted by defendant, excluded from its operation all income received from the federal government by *officers* thereof, as remuneration, but not that income received from the federal government by *employees* thereof. Defendant had ruled that plaintiffs were *employees* of the federal government, and not *officers*, and, therefore, were liable for the tax. The Court first found no jurisdiction under the "federal question" provision, due to a lack of the requisite jurisdictional amount. However, it went on to find jurisdiction under the "civil rights" provision. First stating that jurisdiction must be determined by looking at the statements made in the complaint to determine whether they, standing alone, disclose that there is a real or substantial controversy over which the Court has jurisdiction, the Court went on to say, at page 997 of 5 F.Supp.:

> "Turning now to the bill of complaint, it is observed that one of the allegations and claims is that defendant has arbitrarily excluded plaintiffs from a class to which logically and lawfully they belong * * *. This, we think, presents a controversy over which this court has jurisdiction."

It is clear that in the Schlosser case, the Court based its opinion on the question of jurisdiction on the undoubtedly correct recognition of that fact that the arbitrary exclusion of a person rightfully belonging to a class of persons legally immune from state taxation is a denial of the "equal protection" clause of the Fourteenth Amendment.

[1] Thus the case at bar may be distinguished from the Schlosser case. None of the many plaintiffs in the case at bar claim to belong to a class of persons which is legally immune from the Missouri income tax. The claim is simply that they are arbitrarily denied certain exemptions as a penalty for not duly filing their Missouri State Income Tax returns. This is not a circumstance within the purview of the "civil rights" jurisdiction, as it is solely a property or monetary right and not a right of "personal liberty," as these terms are used by Mr. Justice Stone in the case of Hague v. C. I. O., (cited supra).

There being no jurisdiction under the "civil rights" provision, 28 U.S.C.A. § 1343, the sole possible remaining ground for federal jurisdiction is the "federal question" provision, 28 U.S.C.A. § 1331. However, this statute requires, in addition to a federal question, an amount in controversy in excess of $10,-000. Admittedly, none of the plaintiffs individually can attain this requisite amount. Further, the individual claims may not be aggregated to achieve the $10,000 amount necessary to confer jurisdiction on this Court, in a class action such as this. This is made clear by both the Hague case and the Schlosser case, (both cited supra), and the cases therein cited. Therefore, the ultimate conclusion is that this Court has no jurisdiction over the case at bar.

Even if this Court did have jurisdiction, a further bar to the relief

sought by plaintiff exists. That is 28 U.S.C.A. § 1341, which provides:

"The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

In the opinion of this Court, such a plain, speedy and efficient remedy is available in the courts of Missouri. The provisions of § 143.250 and § 143.260, RSMo (1959), V.A.M.S. provide for administrative review of an assessment and § 536.100 to § 536.140 RSMo (1959), V.A.M.S. provide for judicial review of the final administrative decision.

Section 143.250 provides that petitions for correction or abatements of assessments may be filed with the director of revenue within 30 days of the time the original assessment is made. The director of revenue then has the duty to fix a time for a hearing on the petition, at a time not less than 15 days from the time of filing the petition. The clear import of this section is to provide for speedy hearings for taxpayers aggrieved by assessments.

Section 143.260 provides for appeals from the decision of the director of revenue to the state tax commission. This section further provides that the right of a taxpayer to appeal the final assessment of the director of revenue is not dependent on the taxpayer first petitioning the director of revenue for a correction of the assessment.

Section 536.100 provides that any person aggrieved by a final decision of an administrative body is entitled to judicial review in the courts of Missouri, if he has exhausted his administrative remedies. Under § 536.110 the venue and jurisdiction for a review by the Courts of Missouri would be, for a nonresident, the Circuit Court of Cole County. Section 536.120 provides that the reviewing court may make such orders staying the agency's orders as may appear necessary. Under § 536.140 one of the grounds for review is whether the action of the agency is in violation of constitutional provisions, the issue in the case at bar. This same section provides that appeals may be taken from the Court's decision in administrative review cases the same as in other civil cases.

It seems clear that the remedy provided plaintiffs by the above-cited statutes is plain, speedy and efficient.

In the case of Bucklin Coal Mining Co. v. Unemployment Compensation Commission, 53 F.Supp. 484 (D.C.W.D.Mo. 1943), a three-judge Court, sitting in this same district, held that a statutory review procedure regarding decisions of the Unemployment Compensation Commission, substantially the same as that providing for review of decisions of the Tax Commission, was a plain, speedy and efficient remedy, within the meaning of 28 U.S.C.A. § 1341. The fact that plaintiffs in the case at bar did not pursue their administrative remedy within the thirty days allotted by statute after receiving their letter of assessment can only imply that they were guilty of a certain amount of laxity which might possibly amount to laches. Further, under § 527.020, RSMo (1959), V.A.M.S., plaintiffs would clearly have the right to bring a declaratory judgment action in the state courts to have the validity of the statute in question determined. Thus, it can be seen that the state remedy is plain, speedy and efficient.

Plaintiffs contend that the Missouri remedy is not plain, speedy and efficient, for the reason that there is no provision in the Missouri law which would enable plaintiffs to recover interests from the state on taxes paid on the assessments in question, if the statute was finally adjudicated unconstitutional. The question is whether this renders the state remedy not "plain, speedy and efficient." Under the circumstances of this case we find it does not so impair the remedy set up under the Missouri statutes. In any individual plaintiff's situation in the case at bar it can be demonstrated that the sum any plaintiff would be entitled to in interest would be so small to be inconsequential. Take for example a

plaintiff having a spouse and ten dependents. Such a person would be entitled to $6,400 in exemptions. Assuming that such person was in the highest income tax bracket, his rate of income tax would be 4 per cent, under § 143.010, RSMo (1959), V.A.M.S. If these exemptions were denied the taxpayer, he would be subjected to an additional tax of $256.00. At a rate of interest of 6 per cent on this additional tax, the state would only be assessed a sum of $15.36 per annum in the event that the taxpayer's protest procedure was successful and the statute in question declared unconstitutional. This is clearly not a sufficient sum to render the state remedy less plain, speedy, or efficient. Even if the failure of Missouri to provide for interest on sums paid to it under protest were enough to deny a plain, speedy and efficient remedy, this Court can find nothing in the Missouri administrative procedure act or the sections of the Missouri income tax law relating to administrative appeal procedure to indicate that plaintiffs need pay the assessment while it is in the process of litigation. In fact, the statutes clearly contemplate that these sums need not be paid to the state pending the final outcome of the litigation.

In support of their contention that the Missouri remedy is not plain, speedy and efficient, plaintiffs cite to the Court the case of United States v. Department of Revenue of the State of Illinois, 191 F. Supp. 723 (D.C.N.D.Ill.1961), which held that remedy by way of protest hearing and court review provided by the Illinois Retailers Tax Act and the Illinois Administrative Review Act did not constitute "a plain, speedy and efficient remedy." A careful reading of the decision in the above-entitled case, however, discloses that the Court's opinion was based on the fact that an aggrieved party was required by statute to post a bond in lieu of paying the tax in question while the appeal and review procedure was pending. The Court there apparently was of the opinion that, since there

was no provision for the state to bear the cost of such bond, this was tantamount to a failure to provide for the payment of interest on taxes wrongfully assessed, and that, therefore, the state remedy was not plain, speedy and efficient. This Court has been unable to discover any provision in the laws of Missouri which requires such a bond, and plaintiffs have not cited any such provision to the Court.

Upon a reading of all the Missouri statutes applying to administrative and judicial review of an assessment of the Director of Revenue in an income tax matter, it clearly appears that plaintiffs may completely exhaust the Missouri administrative and judicial review procedures without ever having paid the tax in question. Obviously, in such a circumstance, it is unnecessary for the state to provide for payment of interest.

Even if it should be that a plaintiff should be required to prepay the tax before seeking review, it has been demonstrated that, in the case at bar, the amount of interest which would be due any individual plaintiff would be so small as to be practically insignificant, and this could not render the state remedy less plain, speedy and efficient.

It is noted by the Court that there is some doubt as to whether the constitutionality of the statute in question has been ruled upon by the Missouri state courts. While it is true that, in the case of Stouffer v. Crawford, 248 S.W. 581 (Mo.1932), the Missouri Supreme Court stated that the statute in question was constitutional, it is also noted that, as the plaintiff in that case was a resident of Missouri, the Court was of the opinion that he had no right to raise the issue of the constitutionality of the statute in question. Therefore, the ruling must be regarded as dictum. This is mentioned only to indicate that this Court has considered the doctrine of federal abstention pending a definitive determination by the state courts as to the interpretation and constitutionality of the statute in question. However,

this issue need not be determined at this time.

For the reasons above stated, the complaint is dismissed, at plaintiffs' costs.

It is so ordered.