Lawrence WALSH and Loretta Walsh, Plaintiffs,

v.

The CITY OF LONG BEACH et al., Defendants.

No. 73 C 29.

United States District Court, E. D. New York.

June 11, 1974.

Zane & Zane, New York City, for plaintiffs.

Morris H. Schneider, Corp. Counsel, City of Long Beach, Mineola, for defendants.

BRUCHHAUSEN, District Judge.

The plaintiffs move for summary judgment and the defendants move for a dismissal of the complaint in their respective favors.

This action is brought pursuant to the Civil Rights Act, 42 U.S.C. 1982 and 1983, and Article I, Section 10, the Fourth, Fifth and Fourteenth Amendments of the Federal Constitution.

The plaintiffs were the owners of premises 425 Olive Street, Long Beach, New York. In 1927, said premises was built, pursuant to plans, and a Certificate of Occupancy was issued for it as a one-family dwelling. In 1947, the building department found that the building was converted into an illegal three-family dwelling. Thereafter, on April 25, 1952, a Certificate of Occupancy for a three-family house was issued by the then building commissioner. The defendants allege that this certificate was improperly and illegally issued. The plaintiffs purchased said premises on April 15, 1969, and subsequently neighbors complained to the City of Long Beach officials of the excessive number of persons residing in the premises. An inspection disclosed that the premises were being used as a three-family dwelling. On December 24, 1970 the building commissioner revoked the three-family Certificate of Occupancy of April 25, 1952. In 1972, an attempt was made to sell the premises as a legal three-family house. The plaintiffs applied for a cer-

tificate of compliance which was refused because of the zoning violation. The plaintiffs defaulted in the mortgage payments and thereafter the mortgagee instituted foreclosure proceedings. The mortgagee bid in the property at the foreclosure sale and became the owner thereof.

This action was then commenced primarily on a taking of plaintiffs' property without due process. It is also alleged that the illegal acts of the defendants prevented the plaintiffs from contracting in violation of Article I, Section 10 of the Federal Constitution. Furthermore, contrary to the provisions of 42 U.S.C. 1982, that the plaintiffs protected rights to sell, hold, and convey realty were discriminated against by the defendants; that, in violation of 42 U. S.C. 1983, the plaintiffs were prevented by the defendants from enjoying basic Constitutional rights, guaranteed them by the Constitution; that, in furtherance of the alleged illegal conspiracy to revoke the valid Certificate of Occupancy, the plaintiffs were subjected to unreasonable searches and seizures in violation of the Fourth Amendment of the Constitution.

■ It is settled law that a municipal corporation is not a "person" within the meaning of 42 U.S.C. 1983, and may not be sued thereunder. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492.

It is abundantly clear that the plaintiffs are attempting to enforce a property right, contending that the Certificate of Occupancy was validly issued, and that the attempt by the City of Long Beach to revoke said certificate is illegal; that, as a result of this alleged illegal action, the plaintiffs were unable to contract, lease or convey their realty, all to their financial damage, in excess of $60,000,000.00.

In Stambler v. Dillon, 302 F.Supp. 1250 (1969) (S.D.N.Y.), the Court held in part at page 1254:

"Sections 1981 and 1982 of title 42 are implementations of the thirteenth and fourteenth amendments and prohibit the denial of equal protection of the laws on the grounds of race or color; and guarantee to non-white citizens equal property rights with white persons. Nothing in the amended complaint conceivably relates to these sections. Therefore, no claim upon which relief can be granted has been alleged under them."

In Bradford Audio Corporation v. Pious, 392 F.2d 67 (2 Cir. 1968), the Court held in part at page 72:

"With regard to the applicability of § 1983 it may be said that in spite of its broad language it was not intended to turn every defeat or denial of a claimed state right into a federal right with a federal remedy."

The present action, as above stated, was brought to compel the City of Long Beach to issue a Certificate of Occupancy, to issue a Certificate of Compliance, and to restrain it from attacking the validity of the issued Certificate of Occupancy, to restrain the defendants from interfering with the plaintiffs' conveyance of the premises; to compel the defendants to grant to the plaintiffs equal protection under the law, to restrain any further searches of the aforesaid premises, and to revoke all "Notices and Orders" of purported violations of the City of Long Beach.

In Bradford Audio Corporation v. Pious, supra, the Court held in part at page 72:

"In essence it is simply an action arising out of the alleged infringement of property or monetary rights and, as such, is not within the purview of § 1983. To qualify under § 1983 the right sought to be enforced must in the main be one incapable of pecuniary evaluation, such as personal liberty, unrelated to and not dependent upon an invasion or deprivation of property interests. A suit for the enforcement of such civil rights will, however, not necessarily be removed from the scope of § 1983 because their enforcement may possibly affect prop-

erty interests where those interests are incidental or ancillary to the basic personal right."

 In the case at bar, any freedom claimed to be lost or impaired was a result of an alleged infringement of a property right, i. e. the alleged unlawful revocation of the Certificate of Occupancy. Therefore, the loss of freedom was dependent upon the infringement of the property right, and is not within the jurisdiction of § 1983. Howard v. Higgins, 379 F.2d 227, 228 (10 Cir. 1967); McManigal v. Simon, 382 F.2d 408, 410 (7 Cir. 1967); Ream v. Handley, 359 F. 2d 728, 731 (7 Cir. 1966); Abernathy v. Carpenter, 208 F.Supp. 793 (W.D.Mo. 1962), affirmed 373 U.S. 241, 83 S.Ct. 1295, 10 L.Ed.2d 409.

The alleged claims are frivolous and do not transmute the complaint from one basically concerned with property rights into one seeking to protect the basic liberties of the plaintiffs.

Section 1983 gives a right of action in tort to an individual whose federal rights are infringed by any person, acting under color of state law. This requirement is mandatory. Generally only state officials can act with the authority of the state in order for there to be a misuse of power, derived from the state. Monroe v. Pape, 365 U.S. 167, 184, 81 S.Ct. 473, 5 L.Ed.2d 492. However, state action can be established if the defendants who are not connected with the state are "willful participant[s] in joint activity with the State or its agents." United States v. Price, 383 U.S. 787, 794 n. 7, 86 S.Ct. 1152, 1157, 16 L.Ed.2d 267. In the case at bar there is nothing to show any connection with state and local officials in the misuse of state power.

Assuming that the plaintiffs were able to satisfy the requisite state action, this circuit has clearly held that 28 U.S. C. § 1983 cannot be used to redress what are essentially infringements of property rights. Bradford Audio Corporation v. Pious, supra, 392 F.2d at 72.

The Court concludes that the complaint fails to state a claim for relief pursuant to § 1983.

Upon due deliberation, it is ordered that the complaint be and it is hereby dismissed.