**WALTON et al. v. CITY OF ATLANTA et al.**

No. 13066.

United States Court of Appeals
Fifth Circuit.

April 21, 1950.

Before HOLMES, McCORD and BORAH, Circuit Judges.

HOLMES, Circuit Judge.

In our prior opinion in this case, we thought that federal jurisdiction was predicated solely upon Section 1331 of the Federal Judicial Code, 28 U.S.C.A. § 1331. In the brief on petition for rehearing, we are told that jurisdiction of this action is predicated upon Section 1343 of said code, 28 U.S.C.A. § 1343. Construing the complaint as required by Rule 1 of the Federal Rules of Civil Procedure, 28 U.S.C.A., we accept the appellants' interpretation thereof, and uphold federal jurisdiction under Section 1343(3) of said code. Therefore, the petition for rehearing is granted and the judgment heretofore entered herein is set aside. This leaves the case pending before us and ready for decision on its merits, the same having been heretofore submitted to us for decision upon the record, briefs, and oral arguments.

■ Said section 1343(3), so far as applicable here, is as follows: "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: * * * (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." The right to maintain this suit is conferred upon the individual appellants by the due-process clause of the Constitution and acts of Congress, regardless of their citizenship and of the amounts in controversy. Hague v. Committee for Industrial Organization, 307 U.S. 496, 525-532, 59 S.Ct. 954, 83.L.Ed. 1423; Truax v. Raich, 329 U.S. 33, 36 S.Ct. 7, 60 L.Ed. 131, L.R.A. 1916D, 545, Ann. Cas. 1917B, 283; Crane v. Johnson, 242 U.S. 339, 37 S.Ct. 176, 61 L.Ed. 348, Ann. Cas. 1917B, 796.

Upon the complaint as now interpreted by us, no property rights are involved in this controversy. Appellants allege that "their work constitutes their property," and that their right to work without arbitrary limitation is violated by ordinances of the city of Atlanta, which subject their right to earn a livelihood to the payment of fees and to personal indignities that have no relevance to the operation of taxicabs for hire. Among the alleged objectionable features of these ordinances are the payment of a $3 license fee, the furnishing of a personal photograph and the submission to being finger-printed, by each applicant for a permit. This, it is said, operates only as a reflection upon an honorable calling, and subjects the operators to suspicion and ridicule. Exception is also taken to a regulation that drivers shall dress neatly and be clean of body and wearing apparel. Such provision is alleged to be vague and to grant too much discretion to the police department.

"What is neatness, whether the operator must shave each morning, and whether cleanliness of body requires the attention of a manicurist" are alleged to be arbitrary and discriminatory powers vested in police officers. The prayer of the complant is that each and all of said ordinances, and the sections thereof that are "termed by the court to be unconstitutional," be enjoined and that the City be restrained from putting them into effect in order that appellants and those similarly situated may pursue their honorable means of livelihood.

It is not for us to censor these ordinances or to pass upon the wisdom of every provision in them. Our duty is to decide and declare whether or not they deprive the appellants of any right, privilege, or immunity, secured to them by the Constitution and laws of the United States, providing for equal rights of citizens or of all persons within the jurisdiction of the United States. There are 1,700 taxi drivers within the City of Atlanta, and the ordinances apply to all of them. No one in the class is excepted; all in the designated class are treated alike.

■ We cannot say that it would not be within the power of a state to require all inhabitants to have their finger prints taken by the police; and, if so, we see no reason why all members of the class known as bus or taxi drivers should not be so required. The same is true as to the $3 fee and the requirement of a photograph being furnished by each applicant for a license. We find no basis for the issuance of a federal injunction in this case; and we do not think that a declaratory judgment should be entered adjudging the above provisions to be invalid. The assailed provisions are not void upon the face of the ordinances; but if they are administered with an evil eye and in a discriminatory manner, our judgment herein shall be without prejudice to the appellants' several rights to recover damages for the deprivation, under color of said ordinances, of any right, privilege, or immunity, secured to them by the Constitution and laws of the United States, providing for the equal rights of citizens or of all persons within the jurisdiction of the United States.

Affirmed.