**Paul L. MANSELL, Jr., Individually, and d/b/a Keys Sanitation Service, and Ronald Campbell, Appellants,**

**v.**

**George SAUNDERS et al., Appellees.**

**No. 22938.**

United States Court of Appeals
Fifth Circuit.

Feb. 13, 1967.

George B. Foss, Jr., Fowler, White, Gillen, Humkey & Trenam, St. Petersburg, Fla., for appellants.

James A. Dixon, Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, Fla., for appellees Konrath and Marathon Garbage Service, Inc.

Jeanne Heyward, Hugh Wood, George E. Bunnell, Dean & Adams, Miami, Fla., for other appellees.

Before RIVES, BELL and THORN-BERRY, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge:

Appellants sought injunctive relief and damages in a suit against defendants. Jurisdiction was based on the civil rights statutes. 28 U.S.C.A. § 1343(3), 42 U.S.C.A. §§ 1983 and 1985(3). This appeal is from an order dismissing the cause for lack of jurisdiction.

We have only the complaint before us. The sole question presented is whether it sets out a cause of action under either 42 U.S.C.A. §§ 1983 or 1985(3), or both. If so, the District Court has jurisdiction under 28 U.S.C.A. § 1343(3); otherwise, the ruling of the District Court was proper. Being of the view that the complaint states a cause of action under 42 U.S.C.A. § 1983, we reverse.[1]

The complaint alleges that appellant Mansell was engaged in the garbage collection and disposal business in a part of Monroe County, Florida under the trade name Keys Sanitation Service. Appellant Campbell was employed by Mansell in this business. Mansell claims that he lost his business and Campbell thereby lost his job by reason of the circumstances to be hereinafter stated. The

defendants with the exception of three are all officers of Monroe County. They are the five members of the Board of County Commissioners, the county attorney, county building inspector, county zoning director, county health officer and county health inspector. Two of the three additional defendants are Marathon Garbage Service, Inc., a competitor of Mansell and its president. Marathon succeeded to Mansell's business. The other defendant, Mr. Yankey, allegedly caused a warrant to be issued against Mansell for dumping garbage. The complaint, *inter alia*, charges a conspiracy but couched in language careful to limit the charge to a claim that defendants, or some of them, conspired.

■ The complaint must be viewed from the standpoint of notice type pleading. Cf. McGuire v. Sadler, 5 Cir., 1964, 337 F.2d 902. By way of analysis, we note that, although brought in five counts, it states only four possible causes of action. Three of these are stated in Count One. Two stem from the allegations which challenge the constitutionality on its face of an Act of the legislature of the State of Florida, to-wit: Chapter 63–1631, Laws of Fla., Special Acts, 1963, Vol. 2, Part II, pp. 2225 et seq.

■ This Act empowers the Board of County Commissioners of Monroe County to set up garbage districts and to award franchises to garbage collectors. It is said to violate both the Constitutions of the United States and the State

1. U.S.C.A. § 1983:
    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
    U.S.C.A. § 1343(3):
    The district courts shall have original jurisdiction of any civil action au-

thorized by law to be commenced by any person:
    * * * * *
    (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

of Florida in several respects. No federal question jurisdiction or pendent jurisdiction is alleged and we deem it unnecessary to take up jurisdictional issues which might be present had such jurisdiction been asserted.[2] Indeed, we have not been asked to do so. This line of attack was not pursued on appeal. Appellants take the position here that the gravamen of their complaint is the denial of due process and equal protection to Mansell through the notice process used in awarding the franchises in question with the result that Mansell lost his business.

We turn then to the question whether the court had jurisdiction as alleged, i. e., because the complaint stated a cause of action under the civil rights statutes. We find two such causes of action. The first depends for its efficacy on a combination of some of the allegations in Counts One, Two and Three. It is claimed that the actions of the County Commissioners taken pursuant to the legislative Act were violative of the due process and equal protection clauses of the Fourteenth Amendment. This claim is in the nature of an alleged unconstitutional application of the Act. The manner of its application will appear from what is to be said concerning the other cause of action which is based on a charge of conspiracy. However, this cause of action lies absent any claim of conspiracy and against the Commissioners alone.

The other cause of action under the civil rights statutes is based on a claimed conspiracy to deprive Mansell of his garbage business and Campbell of his job in that business through a deprivation of due process of law and equal protection of the laws toward Mansell, and derivatively toward Campbell. The discrimination which flowed from the deprivation is alleged to have been purposeful and wilful.

The factual allegations which underline the claims of unconstitutional application and the conspiracy may be briefly stated. No action was taken under the Act toward setting up garbage districts from its effective date in May 1963 until July 28, 1964. The Act provided that anyone might apply for a franchise after causing a notice to be published in a newspaper of general circulation in the county stating that such application had been made and describing the district for which the franchise was sought. The Act goes on to provide that the County Commissioners could take no action unless the notice was given at least ten days before the application was to be acted upon. There could be no application, however, until the commissioners created the garbage collection districts.

It is alleged that during the interim period, inquiry was made of the Commissioners as to when applications might be made and the answer was that the Board was not prepared to grant franchises under the Act. Then on July 28, 1964, the Commissioners adopted a resolution creating four garbage collection districts. District No. 2 consisted of the area in which Mansell and Marathon were doing business. Within about a month, on either August 31 or September 1, Mansell learned that all of the other garbage collectors, eight in num-

---

2. See on federal question jurisdiction, 28 U.S.C.A. § 1331, and cf. Bell v. Hood, 1946, 327 U.S. 678, 66 S.Ct. 773, 90 L. Ed. 939. On pendent jurisdiction over the Florida question, cf. Hurn v. Oursler, 1933, 289 U.S. 238, 53 S.Ct. 586, 77 L. Ed. 1148; Brown & Root, Inc. v. Gifford-Hill & Company, 5 Cir., 1963, 319 F.2d 65.

Defendants contend that in any event the relief sought with respect to the constitutionality of the statute would require the convening of a three-judge district court under 28 U.S.C.A. § 2281. The Act in question is not a statute of general application but one affecting only a particular county and a three-judge district court was not required. See Rorick v. Board of Commissioners of Everglades Drainage District, 1939, 307 U.S. 208, 59 S.Ct. 808, 83 L.Ed. 1242; Ex parte Collins, 1928, 277 U.S. 565, 48 S.Ct. 585, 72 L.Ed. 990; and Oliver v. Mayor and Councilmen of Town of Savannah Beach, 5 Cir., 1965, 346 F.2d 133.

ber, operating in Monroe County had been notified by the County Commissioners to apply on September 8, 1964 for franchises. This meant that they had to publish notice of their intention to apply at least ten days before September 8. Mansell was given no notice whatever and was thus the only operator excluded from the notice service provided by the Commissioners. He learned of the fact that such notice had been given only eight days before the meeting of the Board of Commissioners to be held on September 8 and was thus too late to publish the necessary notice. He sought relief from the county attorney but was advised that he was out of luck. The others were awarded franchises. Marathon received a five year exclusive franchise to District No. 2.

The claim is that those persons notified to apply were members of a political machine in Monroe County which Mansell opposed and that they conspired to deprive him of his garbage collection business through the delay in setting up garbage districts and in the notice process used. The weakness in the claim is that the Act in question clearly spells out that anyone may apply for a franchise and Mansell did not apply. Moreover, there is no requirement in the Act that the county give notice regarding the time for application. However, the Act contains a grandfather clause which would vest a franchise in Mansell by operation of law for three years if he had applied for the franchise within six months from the effective date of the Act. He could not apply because the Act contemplated districts and the Board waited more than six months, in fact about fourteen months, before setting up districts.

■ Considering this delaying tactic, the fact of notice to every garbage operator except Mansell, and the negative response to an inquiry as to when the Board would accept applications, it appears, under notice type pleading, that appellants have made out a case. There may have been an application of the Act by the defendant Commissioners in such a way as to deny due process of law and equal protection of the law. There may also have been a conspiracy to deny due process and equal protection of the law in violation of those clauses of the Fourteenth Amendment. Of course, it remains to be seen whether the charges can be proven.

The complaint goes on to allege that the county closed its garbage dumps to Mansell and he continued to operate and apparently dumped garbage in other places. He contends that the defendants, the building inspector, the health inspector and Mr. Yankey then swore out warrants against him for violating the state health laws in dumping garbage, and that criminal charges are pending against him. There is no allegation as to the role that the zoning director or the health officer played in the conspiracy. Indeed, there is little except a bare conclusion to connect the warrants and criminal charges with the conspiracy but the cause of action can be narrowed and the conspirators, if any there be, can be identified in due course as the matter progresses in the District Court.

■■ We hold that appellants stated causes of action under 42 U.S.C.A. § 1983. This statute embraces deprivation or both due process of law and equal protection of the laws, and the action charged was under color of state law. Hornsby v. Allen, 5 Cir., 1964, 326 F.2d 605; McGuire v. Sadler, supra. It contemplates such deprivation through the unconstitutional application of a law by a conspiracy or otherwise. See *Hornsby*, supra, on unconstitutional application, *McGuire*, supra, and Lewis v. Brautigam, 5 Cir., 1955, 227 F.2d 124, 55 A.L.R.2d 505, on conspiracy. It also permits damages including punitive damages. Lewis v. Brautigam, supra; Basista v. Weir, 3 Cir., 1965, 340 F.2d 74. It is thus unnecessary to consider whether a cause of action is stated under 42 U.S.C.A. § 1985(3). What we have said means that the District Court had jurisdiction under 28 U.S.C.A. § 1343(3), and that the order of dismissal was in error.

It is also unnecessary to reach the question of whether the court erred in granting the protective order against discovery. This order was entered on the basis of the fact that the motion to dismiss was to be granted.

Reversed and remanded for further proceedings not inconsistent herewith.