James A. HOWARD, Appellant,

v.

Colbert HIGGINS, Sheriff, Murray County, Sulphur, Oklahoma, Appellee.

No. 9115.

United States Court of Appeals
Tenth Circuit.

June 1, 1967.

§ 1983, with federal jurisdiction under 28 U.S.C. § 1343(3). The substance of the pro se claim is that the defendant, while acting as the sheriff of Murray County, Oklahoma, deprived the claimant of personal property valued at $500 while the claimant was in the sheriff's custody.

The trial court dismissed the claim for lack of jurisdictional amount required by statute, but granted leave to appeal in forma pauperis. An appointed attorney filed a brief and argued the case for Howard. The defendant, Higgins, did not appear but filed a pro se response in which he stated, among other things, that he is no longer the sheriff of Murray County or in custody or control of the property alleged to have been taken by him from the claimant while he was in custody. He says that all of the property taken is now in the custody of the present sheriff and will be returned to Howard if he will appear to claim it.

But we do not reach the question of mootness for we agree with the trial court that jurisdiction is wholly lacking. Section 1343(3) confers federal jurisdiction without regard to the amount in controversy over claims arising under Section 1983 to redress the deprivation of civil rights. Section 1983 has been historically construed not to embrace as a civil right the deprivation of a mere property right as in this case. See Ream v. Handley, 7 Cir., 359 F.2d 728, and cases cited. But see Joe Louis Milk Co. v. Hershey, D.C., 243 F.Supp. 351, and cases cited. Inasmuch as the claim here is to redress the deprivation of a property right only, jurisdiction under Section 1343(3) is lacking. Abernathy v. Carpenter, D.C., 208 F. Supp. 793, affm'd, 373 U.S. 241, 83 S.Ct. 1295, 10 L.Ed.2d 409.

Norman H. Glickman, Denver, Colo., for appellant.

No appearance for appellee.

Before MURRAH, Chief Judge, LEWIS, Circuit Judge, and CHRISTENSEN, District Judge.

PER CURIAM.

This action was brought by Howard under the Civil Rights Act, 42 U.S.C.

If the asserted claim can be said to arise under the Constitution or laws of the United States, jurisdiction must be found in 28 U.S.C. § 1331, and the court correctly dismissed the suit for lack of jurisdictional amount. The judgment is affirmed.