**Martha A. HORNBEAK, for herself and for all others similarly situated, Plaintiff,**

**v.**

**Phillip HAMM, Commissioner of Revenue for the State of Alabama, and his successors in office, Defendant.**

**Civ. A. No. 2608–N.**

United States District Court
M. D. Alabama, N. D.
April 10, 1968.

Barry Hess, Matranga, Hess & Sullivan, Mobile, Ala., and George C. Longshore (Cooper, Mitch & Crawford), Birmingham, Ala., for plaintiff.

MacDonald Gallion, Atty. Gen. of Alabama, Montgomery, Ala., and Willard W. Livingston, as counsel, Dept. of Revenue and Asst. Atty. Gen. of Alabama, and Herbert I. Burson, as Asst. Counsel, Dept. of Revenue and Asst. Atty. Gen. of Alabama, Montgomery, Ala., for defendant.

Before GODBOLD, Circuit Judge, and JOHNSON and PITTMAN, District Judges.

GODBOLD, Circuit Judge:

The plaintiff, as the owner of real estate in Alabama and as a citizen and taxpayer, brings this suit in an effort to require uniform assessment of property throughout the State of Alabama for ad valorem tax purposes.

### I

Uniformity of assessment is required by § 211 of the Alabama Constitution [1] and by the Alabama statutes.[2]

■■■ The plaintiff alleges a cause of action under 42 U.S.C.A. §§ 1983 and 1988,[3] alleging the lack of uniformity

---

1. "All taxes levied on property in this state shall be assessed in exact proportion to the value of such property * * *."

2. Ala.Code Tit. 51, § 17 (Supp.1965): "All taxable property within this state shall be assessed for the purpose of taxation at sixty percent of its fair and reasonable market value. * * *"

3. "Section 1983. Civil action for deprivation of rights.
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or

of valuation and assessment of property deprives her and others similarly situated of property without due process of law and is a denial of equal protection of the laws, in violation of the 14th Amendment to the Constitution of the United States. But alleging a violation of constitutional rights is not itself sufficient to gain access to the Federal courts. Federal jurisdiction is claimed under 28 U.S.C.A. § 1343(3),[4] the civil rights jurisdictional statute, which contains no required minimum amount in controversy in the suit. If the case is one within § 1343 the jurisdictional amount provisions of 28 U.S.C.A. §§ 1331 and 1332 (more than $10,000 in controversy) need not be complied with. If there is no jurisdiction under § 1343 "federal question" jurisdiction may be claimed under § 1331, but the required jurisdictional amount would have to be present; no such claim is presently before us. Thus the key issue before this court is whether § 1343, a jurisdictional statute, applies. The case comes before a three-judge district court under 28 U.S.C.A. § 2281, providing that "[a]n * * * injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute * * * shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application thereof is heard and determined by a district court of three judges." The plaintiff attacks the constitutionality of Act No. 502, adopted by the Alabama Legislature at its 1967 regular session,[5] and seeks an injunction against the defendant, and his successors in office, "from continuing, under color of statute, * * *, [to deprive] plaintiff and all other citizens and taxpayers similarly situated, of property without due process of law * * *."

We conclude that this case is not within § 1343, hence no basis for federal jurisdiction is shown to exist and the case must be dismissed.

## II. Jurisdiction under § 1343

The plaintiff is met at the threshold by the recent decision of the United States Court of Appeals for the Fifth Circuit in Bussie v. Long, 383 F.2d 766 (5th Cir. 1967), affirming 254 F.Supp. 797 (E.D.La.1966). *Bussie* was a similar attack on non-uniform assessments in Louisiana, in which it was alleged that plaintiff was assessed at a higher percentage of value than owners of similar property, and plaintiff asked that the State Tax Commission be ordered to determine actual cost value of all property, to fix a uniform percentage of cash value for purposes of ad valorem taxation and to carry out its statutory duty of equalizing assessments. Basically these are the same allegations and the same type of relief involved in the case before us. *Bussie* held such a suit in-

---

immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress." (R.S. Sec. 1979)
"Section 1988. Proceedings in vindication of civil rights. The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this chapter and Title 18, for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced (etc)." (R.S. Sec. 722)

4. "Section 1343. Civil Rights.
The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

*    *    *    *    *
(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

5. "Section 1. All taxable property within this State shall be assessed for the purpose of taxation not to exceed thirty per cent of its fair and reasonable market value.
"Section 2. Code of Alabama, Title 51, Section 17, which conflicts with this Act, and all other laws or parts of laws in conflict herewith are hereby repealed."

volved only a "property or monetary right" and not a "civil right" within the purview of § 1343.

The *Bussie* ruling was based upon Hague v. Committee for Industrial Organization, 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939). There was no opinion of the court as such in *Hague*. But the concurring opinion of Mr. Justice Stone considered the two jurisdictional statutes, §§ 1331 and 1343, and distinguished between them, saying: "By treating [§ 1343] as conferring federal jurisdiction of suits brought under the Act of 1871 in which the right asserted is inherently incapable of pecuniary valuation, we harmonize the two parallel provisions of the Judicial Code, construe neither as superfluous, and give to each a scope in conformity with its history and manifest purpose." Id. at 530, 59 S.Ct. at 971, 83 L.Ed. at 1444–1445. Mr. Justice Stone distinguished between Holt v. Indiana Mfg. Co., 176 U.S. 68, 20 S.Ct. 272, 44 L.Ed. 374 (1900), a suit to restrain alleged unconstitutional taxation of patent rights, held not to involve a "civil right" under the predecessor to § 1343, and other cases [6] in which "the gist of the cause of action was not damage or injury to property, but unconstitutional infringement of a right of personal liberty not susceptible of valuation in money."

The distinction between property rights and rights of personal liberty, as related to § 1343, was made by the Seventh Circuit in Gray v. Morgan, 371 F.2d 172 (7th Cir. 1966). "Thus far, at least, it is quite clear that the courts have generally treated this statute as applicable to personal liberty rather than a property or monetary claim." 371 F.2d at 175.[7]

The plaintiff does not seek refund of ad valorem taxes or relief from the valuation of her property or the assessment based thereon. She asks that the assessments of all others be brought up to the same level as that against her, 30% of fair and reasonable market value. Such action, done statewide and involving millions of dollars in taxes, is said to make her claim one inherently incapable of pecuniary valuation. But this does not convert the essential nature of the claim from property tax and fiscal to a right of personal liberty.

[Sec. 1343], however may be thought of as a remedy in cases where the right asserted is incapable of pecuniary valuation. Detroit Edison Co. v. East China Township School Dist., 247 F. Supp. 296 (E.D.Mich.1965). Generally, jurisdiction under this Act cannot be invoked in a pure tax action. A mere allegation of discrimination is insufficient to invoke Civil Rights Act jurisdiction automatically. Where plaintiffs' remedies are of the sort classically associated with tax actions and the claims are of a property nature, a federal court should not accept jurisdiction solely on this basis. Cf. Olan Mills, Inc. of Tenn. v. Opelika, Alabama, 207 F.Supp. 332 (M.D.Ala.1962). Otherwise, the jurisdictional amount provisions of 28 U.S.C.A. §§ 1331 and 1332 could easily be circumvented by a mere allegation of denial of equal protection. This would be true even if the amount in controversy were readily ascertainable. Equal protection in tax actions may constitute a federal question but it does not necessarily involve a corresponding Civil Rights Act violation.

Alterman Transp. Lines, Inc. v. Public Serv. Comm'n of Tenn., 259 F.Supp. 486, 492 (M.D.Tenn.1966) (3-judge court), aff'd per curiam, 386 U.S. 262, 87 S.Ct. 1023, 18 L.Ed.2d 39 (1967).

In recent opinions, none involving taxation, the Fifth Circuit found § 1343

---

6. Truax v. Raich, 239 U.S. 33, 36 S.Ct. 7, 60 L.Ed. 131 (1915); Crane v. Johnson, 242 U.S. 339, 37 S.Ct. 176, 61 L.Ed. 348 (1917).

7. See also the holding of the district court in the same case, Gray v. Morgan, 251 F.

Supp. 316 (W.D.Wis.1966): "We incline to defendant's view that 28 U.S.C., Sec. 1343 is inapplicable to the assertion of claims which are primarily fiscal."

jurisdiction in cases involving property rights: Hornsby v. Allen, 5 Cir., 326 F.2d 605, rehearing denied, 330 F.2d 55 (5th Cir. 1964) (arbitrary denial of a city liquor license); Mansell v. Saunders, 372 F.2d 573 (5th Cir. 1967) (denial of garbage collection franchise, relying in part on Hornsby; McGuire v. Sadler, 337 F.2d 902 (5th Cir. 1964) (actions of Texas Land Commissioner affecting land title, relying in part on *Hornsby*). In *Bussie* the Fifth Circuit declined to apply *Hornsby, Mansell* and *McGuire* to a cause of action concerning tax assessments. The court pointed out that in *Hornsby* and *Mansell* the facts indicated that federal question jurisdiction [under § 1331], including necessary jurisdictional amount, probably was present, and that in *McGuire* jurisdiction under both federal question and civil rights statutes had been found present.

Other cases adhere to the "property right"—"right of personal freedom" distinction. Abernathy v. Carpenter, 208 F.Supp. 793 (W.D.Mo.1963) (3-judge court), aff'd mem., 373 U.S. 241, 83 S.Ct. 1295, 10 L.Ed.2d 409 (1963), was a suit by nonresidents to enjoin collection of the Missouri income tax. The court held there was no § 1343 jurisdiction, discussing at length *Holt* and Mr. Justice Stone's articulation of the rule in *Hague*. This is the case which *Bussie* referred to as evidencing the Supreme Court's adherence to the *Hague* and *Holt* views.

Other cases are: Ream v. Handley, 359 F.2d 728 (7th Cir. 1966), (slander of title to real estate by state officials);[8] Gray v. Morgan, supra, (action to declare unconstitutional and to enjoin collection of state income taxes); Alterman Transp. Lines, Inc. v. Public Serv. Comm'n, supra, (alleged discriminatory assessments of property of public utili-

ties); Booth v. General Dynamics Corp., 264 F.Supp. 465 (N.D.Ill.1967) (class action on behalf of taxpayers within a sanitary district to block transfer of land at a grossly inadequate price); Howard v. Higgins, 379 F.2d 227 (10th Cir. 1967) (action against sheriff for deprivation of claimant's personal property in custody of sheriff); Fuller v. Volk, 351 F.2d 323 (3d Cir. 1965) (class action by taxpayers to enjoin allegedly unconstitutional use of public funds).[9]

Cases tending to ignore the "civil rights"—"property right" distinction are: Glicker v. Michigan Liquor Control Comm'n, 160 F.2d 96 (6th Cir. 1947) (revocation of a liquor license on grounds of political discrimination); Burt v. City of New York, 156 F.2d 791 (2d Cir. 1946) (imposition of unlawful conditions on one architect not imposed on other architects); Cobb v. City of Malden, 202 F.2d 701 (1st Cir. 1953), (conspiracy of officials to deprive teachers of constitutional rights by employing state law to abrogate contract obligations).

This district court does not sit to review the correctness of *McGuire, Hornsby* and *Mansell,* or of *Bussie.* All are Fifth Circuit decisions. Nor may we characterize them as representing differing views between which we choose, for that choice already has been made— *Bussie* explicitly holds the three earlier cases do not apply to a cause of action involving tax assessments.

The plaintiff seeks to avoid the impact of *Bussie* on the ground she attacks the constitutionality of Act No. 502, while in *Bussie* there was no claim that any Louisiana statute was unconstitutional. That has to do with whether the case is one for a single judge or for a three-judge district court under § 2281 and does not relate to whether a cause of

---

8. This case declined to follow Joe Louis Milk Co. v. Hershey, 243 F.Supp. 351 (N.D.Ill.1965). *Louis,* citing *McGuire* and *Hornsby,* had taken what it termed a "more latitudinarian view" that § 1343 is not limited to "civil rights" or "human rights." The *Ream* court declined to ignore *Hague, Holt,* and *Abernathy.*

9. See also Walton v. City of Atlanta, 181 F.2d 693 (5th Cir. 1950), in which the Fifth Circuit recognized the lack of jurisdiction if property rights were involved and found that the right of plaintiffs to earn a livelihood was not a property right.

action is stated under § 1343. Alternatively the plaintiff seeks to escape *Bussie* on the ground that the court there found there was an adequate remedy in state courts while, it is claimed, there is no adequate remedy in the Alabama state courts. This argument goes to whether a federal court having jurisdiction should refrain from exercising it because of 28 U.S.C.A. § 1341.[10] Lack of adequate state remedy does not confer federal jurisdiction where there is none.

Hillsborough Township, Somerset County, N. J. v. Cromwell, 326 U.S. 620, 66 S.Ct. 445, 90 L.Ed. 358 (1945) does not direct a different result from the one we reach. In that case federal jurisdiction arose from diversity of citizenship. Section 1343 was not in the case. *Hillsborough* refers to protection of the individual by the equal protection clause from state action discriminating against him by subjecting him to taxes not imposed on others of the same class. Clearly, such a "right to equal treatment," id. at 623, 66 S.Ct. 445, 90 L.Ed. 358, raises a federal question recognizable under § 1331, but existence of an equal protection question does not supply federal jurisdiction under § 1343. Not every claim of constitutional violation is a "civil right" under the statutes. The complaint in this case avers a denial by the defendants of due process and equal protection under the 14th Amendment. However, since we hold the complaint alleges only a "property right" and not a "civil right" under § 1343 the complaint fails to allege any basis for federal jurisdiction since it does not aver the jurisdictional amount of $10,000 or more under § 1331. Therefore, we do not reach the merits of the issue of whether the Alabama procedures attacked by the complaint in fact do or do not violate the 14th Amendment.

### III. Class action and aggregation

The plaintiff alleges that she sues on behalf of all persons similarly situated. What persons would properly constitute such a class we do not reach. We do not consider the motions of plaintiff and of defendant for summary judgment.

It is, therefore, ordered, adjudged and decreed that the case is dismissed. It is further ordered that the costs are taxed against the plaintiff. Plaintiff is given thirty days in which to amend if she so desires.

JOHNSON, Chief Judge, (dissenting):

In what appears to be a reconsideration of the motion to dismiss filed by the defendant in this case—which motion was denied on November 14, 1967, by an order of this Court signed by all three judges constituting the Court—the majority of the Court now determines that there is no federal question jurisdiction and orders the case dismissed. I am of the firm opinion, as I was at the time I signed the order denying the motion to dismiss, that the plaintiff states a cause of action cognizable under the jurisdictional statute, 28 U.S.C. § 1343(3).

The substance of plaintiff's constitutional claim is that the defendant Commissioner of Revenue for the State of Alabama and his predecessors in office have abridged, and the defendant and his successors in office will continue, unless prevented by this Court, to abridge, the privileges and immunities of the plaintiff and all other citizens of the State of Alabama similarly situated by continuing to refuse to perform, or neglecting to perform, the duties of the office of the Commissioner of Revenue for the State of Alabama. In testing a complaint against a motion to dismiss, the allegations of the complaint and the reasonable inferences to be drawn therefrom must be assumed to be true. Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030. Thus we find here that Martha Hornbeak, the plaintiff and the owner of real estate located in Jefferson County, Alabama, has her real estate assessed

---

10. "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

for purposes of ad valorem taxation at 30 percent of its fair and reasonable market value; that the defendant Commissioner of Revenue has the power and duty to maintain equalization of the valuation of real property throughout the State of Alabama for the purposes of assessment for ad valorem taxation; that the defendant Commissioner of Revenue and his predecessors in office have for many years failed, refused or neglected to perform the statutory duties provided by §§ 131 and 133, Title 51, Code of Alabama, pertaining to the supervision and control of the valuation, equalization and assessment of property taxes; that the average assessment of real estate for ad valorem taxation within the State of Alabama is approximately 15.4 percent of the fair and reasonable market value. The plaintiff says that, by reason of the lack of uniformity in the valuation and assessment of real property by the defendant, she and others similarly situated are deprived of property without due process of law and are also denied the equal protection of the laws in violation of the Fourteenth Amendment to the Constitution of the United States. Plaintiff further alleges, and again we must at this point accept as true, that she has no adequate state remedy. To me, such allegations constitute a cause of action under 42 U.S.C. §§ 1983 and 1988 and are, therefore, cognizable under the federal jurisdictional statute, 28 U.S.C. § 1343(3).

The majority of this Court rests the dismissal of this case upon Bussie v. Long, 383 F.2d 766 (5th Cir. 1967), which holds that an action such as plaintiff now seeks to prosecute involves only a property or monetary right and not a "civil right" within the meaning of § 1343. As I have repeatedly demonstrated throughout the years, I am a strong adherent of the philosophy that district judges are obligated to follow the opinions and rulings of the higher federal courts, e. g., Alabama NAACP State Conference of Branches et al. v. Wallace, D.C., 269 F.Supp. 346. However, where, as here, we—sitting as a district court—

are confronted with decisions from our Fifth Circuit Court of Appeals that are directly conflicting, I know of no authority that says we must follow a particular case, to-wit, Bussie v. Long, 383 F.2d 766. I would think a more judicious approach would be to follow the better reasoned authority, or where, as here, we have at least four Fifth Circuit cases contrary to Bussie, the preponderance of authority. In Hornsby v. Allen, 326 F.2d 605, 1964, the Fifth Circuit Court of Appeals specifically held that state licensing of activities is subject to the minimal demands of the Fourteenth Amendment's due process and equal protection requirements and for that reason an action alleging arbitrary denial of a state license—strictly involving "property"—was cognizable as a "civil right" under the federal jurisdictional statute, 28 U.S.C. § 1343(3). No jurisdictional amount was alleged or even mentioned in Hornsby. Again in 1964 the Fifth Circuit Court of Appeals in McGuire v. Sadler, 337 F.2d 902, held that an action alleging deprivation of "property rights" by a state was cognizable as a "civil right" within the meaning of §§ 1983 and 1988 and such an action vested jurisdiction in the district court under 28 U.S.C. § 1343(3). This same conclusion was reached by the Fifth Circuit in 1967 in Mansell v. Saunders, 372 F.2d 573. Furthermore, it appears that Hornsby, McGuire and Mansell have been recently revitalized by the Fifth Circuit in Atlanta Bowling Center, Inc., etc. v. Allen, Mayor, etc., February 13, 1968, 389 F.2d 713. In the Atlanta Bowling Center case, Judge Brown, speaking for the Court, discusses Hornsby and Bussie. In Atlanta Bowling Center, it was contended that the Atlanta Licensing Board violated due process when it arbitrarily denied a license—a "property right"—on a basis not promulgated in the Atlanta ordinance and, further, that the Licensing Board denied the Bowling Center equal protection by granting a license to others while denying a license to the Bowling Center. The district court dismissed the action—as the majority of this Court

dismisses Mrs. Hornbeak's action—"without prejudice" for a lack of federal jurisdiction. The Fifth Circuit in its February 13, 1968 order, even though the appellants were denied relief, decided the case on the merits of the controversy. It is basic that a court cannot decide a case on its merits without first determining that it has jurisdiction to decide the case. Thus, the Fifth Circuit in Atlanta Bowling Center, Inc., et al. v. Allen, etc., et al., necessarily found jurisdiction under §§ 1983 and 1343(3), in another "property rights" case since the merits were reached and the action was dismissed with prejudice after doing so. It appears, therefore, that not only the preponderance of the authority in the Fifth Circuit but the more persuasive and even the most recent Fifth Circuit authority is contrary to the action taken by the majority of this Court in dismissing Mrs. Hornbeak's action.

In dismissing this case, the majority of this Court is judicially determining that Alabama's statutory procedure for taxation, regardless of how inequitable or illegal,[1] is not subject to the minimal demands of the Fourteenth Amendment to the Constitution of the United States. I simply do not believe this to be the law of this country. It is my firm conviction that such arbitrariness on the part of the State authorities (and upon the present submission it is conceded that the plaintiff has no State remedy) in the assessment of real estate for purposes of taxation by the State of Alabama is, if the appropriate complaint and allegations are made under 42 U.S.C.A. § 1983, cognizable in a federal district court as a "civil action for deprivation of rights" and jurisdiction exists under 28 U.S.C.A. § 1343(3) "to redress the deprivation."

The majority, in order to attempt to sustain its action of dismissal, after citing the cases from the Seventh, Tenth and Third Circuits[2] that support the dismissal and recognizing the contrary authority of the Sixth, Second and First Circuits,[3] and after refusing to follow McGuire, Hornsby and Mansell and ignoring the February 13, 1968, case of Atlanta Bowling Center, Inc. v. Ivan Allen, Jr., supra—all of the Fifth Circuit—elects to follow the lone Fifth Circuit case of Bussie. The attempt to distinguish Bussie from these cases with the statement that the "choice has been made" for this Court by Bussie is completely specious. Even the Fifth Circuit in Bussie recognized "there is admittedly a fine line between these cases and the instant case." Since all these cases—Hornsby, Mansell, McGuire, Atlanta Bowling Center and Bussie—involve nothing more or less than property rights, there simply is no valid distinction which will justify the majority of this Court concluding, solely upon the basis of Bussie, that jurisdiction does not now exist in the case before us.

With deference, I dissent.

1. Act No. 502, which is under consideration here, legalizes the assessment of property for ad valorem taxation at "anything up to 30 percent." This means anything from one percent (1%) to thirty percent (30%) without any rational basis is authorized by this Act of the Alabama Legislature as a basis for taxing property. While it is not before us at this time, Senate Bill No. 56, which became Act No. 502—the Act plaintiff is attacking in this case—originated in the Alabama Senate. The Act is clearly unconstitutional by reason of § 70, Article 4, Constitution of Alabama, which requires that all bills for the raising of revenue originate in the House of Representatives.

2. Gray v. Morgan, 371 F.2d 172 (7th Cir. 1966); Ream v. Handley, 359 F.2d 728 (7th Cir. 1966); Howard v. Higgins, 379 F.2d 227 (10th Cir. 1967); Fuller v. Volk, 351 F.2d 323 (3d Cir. 1965).

3. Glicker v. Michigan Liquor Control Comm'n, 160 F.2d 96 (6th Cir. 1947); Burt v. City of New York, 156 F.2d 791 (2d Cir. 1946); Cobb v. City of Malden, 202 F.2d 701 (1st Cir. 1953).