Lawrence LUNG, Melvin D. Delano, Oscar H. Calderon, James B. Hert, and Fernando Fuentes, on behalf of themselves and other persons similarly situated in the same classes or class of persons, and the Texas Association on New Mexico Income Tax, an unincorporated association, on behalf of itself, its members and other members who have been and will be similarly situated in the same class or classes of persons, Plaintiffs,

v.

Franklin JONES, individually and in his capacity as Director, Bureau of Revenue, State of New Mexico, and Honorable David F. Cargo, individually and in his capacity as Governor of the State of New Mexico, Defendants.

Civ. No. 8314.

United States District Court,
D. New Mexico.

Feb. 19, 1971.

Fred J. Morton, El Paso, Tex., and John P. Otto, Phoenix, Ariz., for plaintiffs.

Richard J. Smith, Asst. Atty. Gen., Santa Fe, N.M., for defendants.

**1068**

Before SETH, Circuit Judge, and PAYNE and BRATTON, District Judges.

## MEMORANDUM OPINION AND JUDGMENT

SETH, Circuit Judge.

This action was brought by several residents of El Paso, Texas, as members of a class, seeking to enjoin the allegedly unconstitutional collection of New Mexico State income tax. All of the plaintiffs work at the White Sands Missile Range, a federal enclave located in New Mexico. Although plaintiffs reside in Texas and work in the exclusively federal complex at White Sands, they have been subjected to the New Mexico State income tax.

When this matter came on for oral argument before a three-judge court on November 13, 1970, the parties were requested to file supplemental briefs addressed to the question of federal jurisdiction. Having considered the matter, we conclude that this court does not have jurisdiction over this action.

Plaintiffs have asserted jurisdiction on two grounds: federal question jurisdiction under 28 U.S.C. § 1331 and jurisdiction under the Federal Civil Rights Act, 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

■ In order for jurisdiction to be based on 28 U.S.C. § 1331, it is essential that the matter in controversy exceed the sum of or value of $10,000. None of the individual plaintiffs in this action have asserted a claim for more than $10,000. Plaintiffs contend, however, that in this class action their individual claims may be aggregated to arrive at the jurisdictional amount. The problem posed by this contention is not new. In 1966 Rule 23, Fed.R.Civ.P., was amended in an attempt to clarify and simplify the litigation of class actions. Among other things, the amendment appeared to lay to rest the traditional distinction between true, hybrid, and spurious class actions. Subsequent to that amendment there was some uncertainty as to its effect on aggregation of claims for jurisdictional purposes. The rule prior to the amendment was that the claims of class members could not be so aggregated unless the class action were a true class action. In Gas Service Co. v. Coburn, 389 F.2d 831 (10th Cir. 1968), the court held that the effect of the amendment to Rule 23 was to allow aggregation of class claims regardless of the type of class action, so long as other requirements of Rule 23 were met. In Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969), the holding was reversed. Although there is considerable discussion of limiting diversity jurisdiction in the opinion of the Court in Snyder, there is no indication that the decision does not apply equally to federal question jurisdiction. The holding in Snyder, although frequently criticized, is that the claims of class members may not be aggregated to arrive at the jurisdictional amount unless such aggregation would have been permissible prior to the 1966 amendment to Rule 23, that is, unless the action is a true class action. We are bound by that holding. Since the instant action is not one in which the rights of the class members are common and undivided, arising from a single right or title, the claims of the parties cannot be aggregated to arrive at the jurisdictional amount.

■ The assertion of jurisdiction under the Civil Rights Act poses a more complicated problem. Federal jurisdiction in certain cases concerning the deprivation of civil rights is granted by 28 U.S.C. § 1343, without regard to the amount in controversy. For some time the federal courts have experienced problems in defining the extent of this jurisdiction. Generally speaking the courts have attempted to restrict this jurisdiction to cases involving "personal" as opposed to "property" rights. Support for this distinction is found in the concurring opinion of Mr. Justice Stone in Hague v. CIO, 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939). See also, Howard v. Higgins, 379 F.2d 227 (10th

Cir. 1967). Unfortunately this distinction between personal and property rights is not easy to draw, and in recent cases it has eroded considerably. A discussion of the problem can be found in Eisen v. Eastman, 421 F.2d 560 (2d Cir. 1969). There is little to add to that discussion except perhaps to note that the problem remains unresolved (see the apparently conflicting cases of Lynch v. Household Finance Corp., 318 F.Supp. 1111 (D.C.Conn.1970), and Santiago v. McElroy, 319 F.Supp. 284 (D.C.Pa. 1970). There are no Supreme Court cases clearly defining the extent of this jurisdiction. It does appear from the many cases considering this question that if the right asserted can be fairly characterized as essentially a property right, there is no jurisdiction. The right asserted by plaintiffs here concerns the collection of State income taxes. Appellants urge that the collection of these taxes infringes their right to travel freely from State to State. While there may be some merit to this argument, we feel compelled to hold otherwise.

This action is not the first attempt to challenge State taxes by asserting federal jurisdiction under section 1343. The outcome of such cases has been as near uniform as could be hoped for any class of cases on this subject. Jurisdiction has almost always been denied. Abernathy v. Carpenter, 208 F.Supp. 793 (W.D.Mo.1962); Bussie v. Long, 383 F. 2d 766 (5th Cir. 1967); Hornbeak v. Hamm, 283 F.Supp. 549 (M.D.Ala.1968). The Abernathy case is particularly significant because it was affirmed by the Supreme Court at 373 U.S. 241, 83 S.Ct. 1295, 10 L.Ed.2d 409 (1963). Under these circumstances it appears that despite the uncertainty surrounding the distinction between property and personal rights, there is no reason to assume jurisdiction of a case such as the instant case under section 1343.

The complaint and cause of the plaintiffs is dismissed.