382 So.2d 190 (1980)
Benny RICARD
v.
STATE of Louisiana et al.
No. 12951.
Court of Appeal of Louisiana, First Circuit.
January 21, 1980.
Rehearing Denied March 31, 1980.
Dennis R. Whalen, Baton Rouge, for plaintiff-appellant Benny Ricard.
Emile C. Rolfs, III, Howard P. Elliot, Jr., Baton Rouge, for defendants-appellees State of Louisiana, through the Department of Public Safety, Division of State Police, and Steve Jones.
Before COVINGTON, LOTTINGER and COLE, JJ.
COLE, Judge.
This is a suit by Benny Ricard under 42 U.S.C. § 1983[1] (Civil Rights Act) against the State of Louisiana; Steve Jones, a state *191 trooper; and, the Department of Public Safety. Plaintiff allegedly was pistol-whipped by a state trooper and sustained injuries. From a partial summary judgment dismissing his claim for punitive or exemplary damages only, plaintiff has appealed.
The issue before the court is whether an award of punitive or exemplary damages may be made in a suit brought in Louisiana under 42 U.S.C. § 1983.
Plaintiff argues that when a federal cause of action is brought in state court, federal substantive and state procedural law apply, citing Presley v. Upper Mississippi Towing Corp., 141 So.2d 411 (La.App. 1st Cir. 1961), and on remand and reappeal, 153 So.2d 416 (La.App. 1st Cir. 1963). The point is made that "federal common law" substantively allows punitive damages in civil rights actions.
Defendants concede that "when a cause of action that is alleged to have arisen under federal law is brought in the state court, federal law must apply pursuant to the Supremacy Clause of the United States Constitution." They argue, however, that 42 U.S.C. § 1983 is silent as to whether punitive damages are recoverable, and thus we must look to 42 U.S.C. § 1988[2], which in essence provides that where the laws of the United States do not provide "suitable remedies," laws of the state in which the court having jurisdiction is located must be applied.
In support thereof they cite Baggett v. Richardson, 473 F.2d 863 (5th Cir. 1973), as authority that a federal court will not award punitive damages if such damages are not allowed under state law. While we agree that this case stands for that holding, we find it inapposite because it was a maritime tort case applying Louisiana tort law, under which there are no punitive damages.
As an apparent indication that punitive damages are not allowed in § 1983 actions, defendants cite Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978) which in part states:
"To the extent that Congress intended that awards under § 1983 should deter the deprivation of constitutional rights, there is no evidence that it meant to establish a deterrent more formidable than that inherent in the award of compensatory damages." (98 S.Ct. 1048-49).
The footnote to that statement, however, in part states:
"This is not to say that exemplary or punitive damages might not be awarded in a proper case under § 1983 with the specific purpose of deterring or punishing violations of constitutional rights. See, e. g., Silver v. Cormier, 529 F.2d 161, 163-164 (CA10 1976); Stengel v. Belcher, 522 F.2d 438, 444 n. 4 (CA6 1975), cert. dismissed, 429 U.S. 118, 96 S.Ct. 1505, 47 L.Ed.2d 760 (1976); Spence v. Staras, 507 F.2d 554, 558 (CA7 1974); Caperci v. Huntoon, 397 F.2d 799, 801 (CA1), cert. denied, 393 U.S. 940, 89 S.Ct. 299, 21 L.Ed.2d 276 (1968); Mansell v. Saunders, 372 F.2d 573, 576 (CA5 1967); Basista v. Weir, 340 F.2d 74, 84-88 (CA3 1965). Although *192 we imply no approval or disapproval of any of these cases, we note that there is no basis for such an award in this case. The District Court specifically found that petitioners did not act with malicious intention to deprive respondents of their rights or to do them other injury, see n. 6, supra and the Court of Appeals approved only the award of `non-punitive' damages, 545 F.2d, at 31." An examination of the cases cited in the above quoted footnote reveals that all were decided by federal courts in traditional common law states (Colorado, Ohio, Illinois, Massachusetts, Florida and Pennsylvania) applying in most instances the common law majority rule that punitive damages may be awarded where actual damages have been suffered. Admittedly, in Basista, supra, the progenitor of the other cases cited, the federal court sitting in Pennsylvania awarded only punitive damages contrary to the majority rule which that state follows. However, the case does not stand for the proposition that there existed some mystical "federal common law" which supremely negated Pennsylvania law. The actual holding of the case in this regard is found at page 85 of the opinion:
"In this court Scalese's counsel raises the issue, seeking to apply the law of Pennsylvania, that there can be no exemplary or punitive damage where actual damage is not shown. (citation omitted.) But Scalese's counsel made no objection to the court's submission to the jury of the issue of exemplary damages, and, therefore, must be deemed to have waived any objection to this portion of the court's instructions. See Rule 51, Fed.R.Civ.Proc."
After deciding the issue thusly, and noting that § 1988 had apparently not previously been construed by any court with respect to the issue of punitive damages, the Basista court then engaged in a discussion of the history of the Civil Rights Act and, by dictum, espoused the view that Congress intended the Act to be applied uniformly throughout the United States. The court reasoned that "federal common law" must apply to effect that uniformity and "federal common law" allows punitive damage awards. Interestingly, all of the subsequent cases cited Basista as authority for the proposition that "federal common law" decrees the award of punitive damages in Civil Rights cases. In chronological order, Mansell cited Basista; Caperci cited Mansell and Basista; Spence cited Mansell and Basista; Stengel cited Basista; and, Silver cited Spence and Basista. It is little wonder that the United States Supreme Court chose to neither approve nor disapprove of these cases. Perhaps, aside from a recognition that the cases subsequent to Basista represent no more than jurisprudential fission, the court remembered the words of Mr. Justice Brandeis in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817 at p. 822, 82 L.Ed. 1188 (1938):
"Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state. And whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern. There is no federal general common law." (Emphasis added.)
We acknowledge that the above noted federal cases are persuasive. The same result has been reached under 42 U.S.C. § 1981, another provision of the Civil Rights Act. See Claiborne v. Illinois Central Railroad, 583 F.2d 143 (5th Cir. 1978). However, we agree with the United States Supreme Court's pronouncement in Carey, supra, that with respect to actions under § 1983, there is no evidence that Congress meant to establish a deterrent more formidable than that inherent in the award of compensatory damages. We have found no provisions of law enacted by Congress mandating punitive damages in Civil Rights cases. Nor does the United States constitution require the imposition of punitive damages. In such instance, § 1988 requires "the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held. . . shall . . . govern the said courts in the trial and disposition of the cause . . ."
*193 A careful reading of § 1988 leads to the unmistakable conclusion that there is no impediment to the application of Louisiana law in this instance. In fact, it is required.
It is academic that Louisiana has never embraced the common law. By contrast our people, upon acquiring statehood, retained the civil law heritage. However, within the context of 42 U.S.C. § 1988 it can be said that we have indeed modified and changed the common law as regards the award of exemplary or punitive damages. Art. 2315 of the Civil Code of Louisiana in part provides:
"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." (Emphasis added.)
This provision is the cornerstone of our tort law and may readily be traced to the Code Napoleon, promulgated in 1804. It is found in the Civil Code of 1808, the basic law of the Louisiana territory, and has remained intact throughout our history. As so often explained, it contemplates simple reparation, a just and adequate compensation for injuries. It suggests no idea of revenge or punishment. As explained in Post v. Rodrigue, 205 So.2d 67, at p. 70 (La.App. 4th Cir. 1968):
"The settled law of Louisiana is that vindictive, punitive or exemplary damages are not allowed in civil cases unless specifically provided for; in the absence of such a specific provision only compensatory damages may be recovered." (Citations omitted.)
We conclude that exemplary or punitive damages are not available in a § 1983 action brought in this state. In this regard, Louisiana law is applicable pursuant to the provisions of § 1988.
For the above and foregoing reasons the judgment of the trial court is affirmed. All costs of this appeal are to be paid by plaintiff.
AFFIRMED.
LOTTINGER, J., dissents and assigns written reasons.
LOTTINGER, Judge, dissenting.
I respectfully dissent.
The majority cites six federal appellate court cases which held that punitive damages are awardable in a § 1983 action, but then disregards them in deference to a recent United States Supreme Court opinion which arguably would allow punitive damages under the facts alleged in the case at bar.
In Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978), the case upon which the majority bases its holding, the Supreme Court did make the general statement that there is no evidence that Congress meant to establish a deterrent more formidable than compensatory damages in § 1983 actions. However, the footnote to that general statement is all important. Indeed, the majority cites the footnote in its opinion. The footnote limits the general statement made in the text of the opinion to the facts of that case. The court suggests that punitive damages might be recoverable in the "proper case" under § 1983 if the purpose of awarding punitive damages is to deter or punish violations of constitutional rights, particularly when the court finds a "malicious intention to deprive respondents of their rights or to do them other injury." 98 S.Ct. 1048-1049.
The petitioner in this case alleges that he was pistol-whipped by a state trooper and that he sustained injuries because of the pistol-whipping. If the plaintiff proves these allegations at trial, then I think that there has been a malicious intention to deprive him of his constitutional rights or to do him other injury.
Perhaps more important than its disregard of the six federal appellate cases cited in its opinion is the majority's disregard of the underlying rationale of Basista v. Weir, 340 F.2d 74 (CA3 1965). Basista stands for, and has been cited as standing for, the proposition that the Federal Civil Rights Act should be applied uniformly throughout the United States. The majority makes only short mention of the uniformity argument and does nothing to dispute it. Six *194 federal circuit courts, including the Fifth Circuit Court of Appeals, have held that punitive damages are awardable in the proper case under a § 1983 action. These federal cases represent an interpretation of a congressional statute and are therefore binding upon us.
The Basista argument that the Civil Rights Act should be applied uniformly throughout the United States is a substantial argument that should not be rejected without careful consideration. Confusion would be the rule if the act were given a different interpretation depending upon the tort law of the state in which an action was brought. Congress surely did not intend this when it enacted § 1983, and the federal courts which have interpreted § 1983 have attempted to give it some uniformity.
There is no need in this case to rely upon § 1988 of Title 42 because federal courts have interpreted § 1983 to allow punitive damages. As noted earlier, we are bound by this interpretation and we should at least allow the issue to go to trial in this case.
Therefore, I respectfully dissent from the majority opinion in this case.
NOTES
[1] 42 U.S.C. § 1983 reads:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."
[2] 42 U.S.C. § 1988 provides:

"The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this chapter and Title 18, for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty. In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, or in any civil action or proceeding, by or on behalf of the United States of America, to enforce, or charging a violation of, a provision of the United States Internal Revenue Code, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."