COLE, Judge.
The issue in this case is whether or not the trial court erred in finding plaintiff failed to prove by a preponderance of the evidence he was “pistol whipped” by a Louisiana State Police officer.
Almost all facts were disputed at trial. Sergeant Russell Cook and Patrolman Emile Burgoyne of Troop A, Louisiana State Police, were conducting a stationary radar surveillance on U.S. Highway 190 in the early morning hours of August 13, 1977. A car driven by Benny Ricard (age 18) was clocked as traveling 87 miles per hour. Sergeant Cook turned on his red overhead lights, stepped out of the car, and using a flashlight, motioned Ricard’s vehicle to pull over. Ricard did not stop but continued traveling at a high rate of speed. Cook pursued Ricard in his vehicle and Burgoyne followed behind. Cook testified his vehicle was traveling at least 115 miles per hour. When the cars approached the intersection of U.S. 190 and Highway 63 the Ricard vehicle hit a curb and momentarily left the ground. Ricard apparently lost control of the car as it turned 180 degrees and finally came to a stop in a nearby parking lot.
Cook testified he attempted to remove Ricard from the car and ordered him to “submit.” However, Ricard resisted and a struggle ensued as Cook attempted to handcuff him. Cook denied striking Ri-card. Trooper Burgoyne arrived and found the men scuffling on the ground. He helped Cook handcuff Ricard. Both policemen testified they later noticed Ricard had been cut on the back of the head and offered him medical assistance, which he refused. He was taken to the Livingston jail and booked with speeding and resisting arrest. When released he went to Dixon Memorial Hospital where he received 11 stitches for his head injuries. In June of 1978 he filed suit against the State of Louisiana and others[1] alleging he had been “pistol whipped” by a Louisiana State Police officer. The trial was not held until November of 1982.[2]
Ricard testified he was traveling down U.S. 190 at a speed no greater than 68 miles per hour. He says he was totally unaware of the policemen until immediately before his car stopped in the parking lot. He testified Officer Cook told him to put his hands on the hood of the car and then Cook struck him three or four times in the back of the head with the butt of his pistol. He stated he was then handcuffed, pushed to the ground and kicked in the ribs.
Officer Cook testified that after handcuffing Ricard he looked inside the vehicle and noticed a smear of blood on Ricard’s *903 dashboard. Officer Burgoyne said he saw a small amount of blood on the headrest and on the ceiling of the car. A third officer, Steve Jones, testified he was in the Livingston area when he heard the chase on the radio. When he arrived at the parking lot he saw the two police officers pulling Ricard from the ground.
Two of Ricard’s friends were called as witnesses. Ricky McSwain stated he was a passenger in Jimmy Pate’s car on the morning of the incident. He testified they were traveling west on U.S. 190 and noticed Ricard’s car (traveling east) being pursued by police. They turned around and when they arrived at the parking lot saw Benny with his hands on the hood of his car and saw Officer Cook hit Benny on the head. Another officer told them to leave the scene or they would receive the same treatment as Benny.
James Pate testified they first noticed Benny’s car when they spotted it at the parking lot and saw Benny being picked up from the ground. He did not see anyone strike Benny.
In oral reasons for judgment the trial court noted inconsistencies between the testimony of McSwain and Pate and stated: “It’s almost impossible to reconcile the testimony of those two eyewitnesses.” The court then went on to balance the conflicting testimony between Ricard and the three police officers. The court then commented as follows:
“He (Officer Cook) was in pursuit to make a lawful arrest, and during the course of that arrest Mr. Ricard resisted arrest and was injured in the scuffle. Exactly how he was injured, I don’t know but he was injured during the process of a lawful arrest. I would have to say his injuries were accidental.”
The court therefore found in favor of the defendants and against plaintiff.
As always, we must give great discretion to the trial court's conclusions concerning credibility of witnesses and reasonable inferences of facts. Aleman v. Lionel F. Favret Co., Inc., 349 So.2d 262 (La.1977), rehearing denied 1977. The trial court apparently accepted the facts as related by Officers Cook and Bourgoyne as opposed to those stated by plaintiff and his witnesses. We find these conclusions to be reasonable and will not disturb them here. Plaintiff’s version of the incident is simply not corroborated by the evidence. He maintained he was totally unaware of the police pursuing him until he stopped in the parking lot. Yet Officers Cook and Bour-goyne and Ricky McSwain testified the police car’s siren and overhead lights were on as Ricard was being pursued. The high speed chase continued for several miles. The physical evidence showed Ricard’s car skidded over 200 feet in the parking lot, indicating he was traveling at a high rate of speed when he attempted to stop.
The testimony concerning the sequence of events which occurred after the Ricard automobile stopped is indeed conflicting. Yet the trial court, after listening to the testimony and observing the demeanor of the witnesses, concluded any injuries received by Ricard were caused by accident rather than by an intentional act of the arresting officer. Again, we find this conclusion reasonable. Officer Cook admitted he had initially pulled his gun when making the arrest. He stated that when Ricard resisted and the scuffle began it was possible the gun may have come into contact with the young man’s head as they scuffled. The fact that both police officers observed blood on the interior of Ricard's car indicates it is possible he injured his head when the car hit the curb and went out of control. In any event, we agree the plaintiff did not prove by a preponderance of the evidence that Officer Cook (or any other police officer) deliberately “pistol whipped” him. For these reasons, the judgment of. the trial court is affirmed. Appellant is to pay costs.
AFFIRMED.

. Other defendants are the Department of Public Safety and its secretary, their insurance company and Officer Steve Jones. The trial court found Steve Jones had no real connection to the case and dismissed him as a defendant.

. This suit was brought under 42 U.S.C. § 1983 (Civil Rights Act). Previously litigated was the question of whether or not punitive damages may be awarded. See, Ricard v. State, 382 So.2d 190 (La.App. 1st Cir.1980); affirmed, 390 So.2d 882.