Fred VINCENT, et ux,

v.

SOUTHWEST LOUISIANA ELECTRIC
MEMBERSHIP CORPORATION, et al.

Civ. A. No. 85-3218 L.

United States District Court,
W.D. Louisiana,
Lafayette-Opelousas Division.

Aug. 19, 1987.

Gordon R. Crawford, Baton Rouge, La.,
and Leslie J. Schiff, Anne Watson, Opelousas, La., for plaintiff.

Vernon C. McManus, Eunice, La. and
Peter J. Caviness, Opelousas, La., for intervenor.

Southwest Louisiana Elec., Robert R.
McBride, Hi-Ranger, Inc., W. Gerald Gaudet, Lafayette, La., McGraw Edison Co.,
Inc., F.M. Stoller, New Orleans, La., for
defendant.

## MEMORANDUM RULING

DUHE, District Judge.

This ruling concerns a motion for partial summary judgment filed by defendant Southwest Louisiana Electric Membership Corporation ("Slemco"). The issue presented is whether electricity is embodied within the coverage of La.Civ.Code art. 2315.3, as amended. For the reasons outlined below, a partial summary judgment will be granted to defendants dismissing plaintiffs' claim for exemplary damages for wanton or reckless disregard for public safety in the storage, handling and/or transportation of the hazardous substance of electricity, pursuant to La.Civ.Code art. 2315.3, as amended.

FACTS

In January, 1985, plaintiff was employed by Shamrock Line Construction Company, Inc. While working as a pole lineman in a lift bucket, plaintiff suffered severe electrical burns. This injury precipitated the current law suit.

Federal jurisdiction is predicated on diversity of citizenship. 28 U.S.C. § 1332.

## LAW AND ANALYSIS

La.Civ.Code art. 2315.3, as amended reads as follows:

> In addition to general and special damages, exemplary damages may be awarded, if it is proved that plaintiff's injuries were caused by the defendant's wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances.

Plaintiffs contend that electricity falls within the contemplation of article 2315.3 because the dictionary defines "hazardous" as "involving or exposing one to risk" and "substance" as "a matter of particular or definite chemical constitution." They contend that the legislature intended the language in La.Civ.Code art. 2315.3, as amended, to encompass all hazardous or toxic things. Plaintiffs' cite *Winans v. Rockwell International Corporation*, 705 F.2d 1449 (5th Cir.1983) and *Bouy v. Transcontinental Gas Pipeline Corp.*, 645 F.Supp. 109 (M.D.La.1986) for the proposition that because natural gas and electricity have both been considered "dangerous substances," and natural gas has been held to fall within art. 2315.3, therefore electricity should also come within its ambit.

■ In diversity cases, federal courts must apply law of state's highest court and if its highest court has not spoken, a federal court must ascertain from all available data what the state law is and apply it. *Bailey v. V & O Press Co., Inc.*, 770 F.2d 601 (6th Cir.1985). *See also Arceneaux v. Texaco, Inc.*, 623 F.2d 924 (5th Cir.1980), *cert. den*, 450 U.S. 928, 101 S.Ct. 1385, 67 L.Ed.2d 359 (1981).

■ Under Louisiana law, exemplary damages are not recoverable in civil cases unless specifically authorized by statute. *Killebrew v. Abbott Laboratories*, 359 So.2d 1275 (La.1978). Therefore plaintiffs must establish that art. 2315.3 does encompass electricity. The legislature did not define "hazardous substance" in art. 2315.-3; therefore, this court must look to legislative history, existing law and jurisprudence to determine its meaning.

For the following reasons, this court holds that electricity is not within the ambit of "hazardous substances" in La.Civ.Code art. 2315.3.

The meaning and intent of statutory provisions are determined by consideration of the statute in its entirety and all other laws on the same subject matter, and interpretation of statutory provisions should be consistent with the express terms of the statute and with the obvious intent of the legislature in enacting it. *Legros v. Conner*, 212 So.2d 177, 180 (La.Ct.App.1968). La.Civ.Code art. 17 dictates that laws *in pari materia*, or upon the same subject matter, must be construed with reference to each other and what is clear in one statute may be called in aid to explain what is doubtful in another. Therefore, just as the Louisiana Supreme Court when interpreting the words "intoxicating or spiritous liquor" as used in La.Rev.Stat. 14:91 examined the context and laws which regulated liquors; *State v. Viator*, 229 La. 882, 87 So.2d 115, 117 (1956), so must this court when interpreting "hazardous or toxic substances" as used in art. 2315.3 review the laws of Louisiana which govern hazardous or toxic substances.

The Louisiana Environmental Quality Act, La.Rev.Stat. 30:1051 *et seq.*, which was enacted the same year as La.Civ.Code art. 2315.3 before it was renumbered in 1986, not only regulates hazardous or toxic substances, but also contains a definition of hazardous substance. La.Rev.Stat. 30:1149.42(4)(a) defines hazardous substance as "any gaseous, liquid or solid material which because of its quantity, concentration, or physical, chemical or biological composition when released into the environment poses a substantial present or potential hazard to human health, the environment or property and which material is identified or designated as being hazardous by rules and regulations adopted and promulgated by the secretaries of the Department of Environmental Quality or of the Department of Public Safety and Corrections, regardless of whether it is intended for use, reuse, or is to be discarded." The first section of the definition set out above does not encompass electricity because

electricity is not a gas, liquid or solid nor does it come within the second section which calls for it to be designated as hazardous by the rules and regulations of the Department of Environmental Quality or of the Department of Public Safety and Corrections.

In the Hazardous Materials Transportation and Motor Carrier Safety Act which begins at La.Rev.Stat. 32:1501 and was enacted five years prior to art. 2315.3, the legislature defined "hazardous materials" almost identically as it did in La.Rev.Stat. 30:1149.42(4)(a). Since the legislature has adopted and maintained a consistent definition of hazardous substances in its hazardous or toxic substance regulations, this court is inclined to define the words hazardous or toxic substances in art. 2315.3 *in pari materia* with the definition already set out in legislation dealing with hazardous substances.

Electricity does not come within the meaning of hazardous substances as defined in legislation that deals with hazardous substances nor does electricity conform with the limited types of materials and situations in which the legislature intended exemplary damages to be available. Custodians of electricity have consistently been held to a higher degree of care because of the dangers involved in handling electricity. Judicial decisions such as *Winans, supra* which hold electricity, pile driving and crop dusting to be hazardous activities have not addressed the issue of whether electricity is in fact a substance. Electricity is in a class of its own. It is not a gas, liquid or solid and since it has no "particular or definite chemical constitution", it is not clearly a substance.

Under Louisiana law, vindictive, punitive or exemplary damages are not allowed in civil cases unless specifically provided for, and in the absence of such a specific provision only compensatory damages may be recovered. *Ricard v. State*, 382 So.2d 190 (La.Ct.App.1980), *aff'd* 390 So.2d 882 (La. 1980). Since La.Civ.Code art. 2315.3 is an exception to the general rule that exemplary damages are not available under Louisiana law, it must be strictly construed.

*American Waste and Pollution Control Company v. Madison Parish Police Jury*, 488 So.2d 940 (La.1986). Using a strict interpretation of art. 2315.3 requires a narrow definition of "hazardous or toxic substances." Therefore, since electricity does not fit within the definition of "hazardous substance" as set forth in other statutes which regulation hazardous or toxic substances nor is it clearly established that electricity is a substance, this court holds that electricity does not fall within the ambit of hazardous substances in art. 2315.3.

Accordingly, the motion for partial summary judgment dismissing plaintiff's claim for exemplary damages under La.Civ.Code art. 2315.3 is granted.