WALTZER, Judge.
STATEMENT OF FACTS
On 20 December 1993, an explosion at 332-334 West Robert E. Lee Blvd., New Orleans, *291 damaged the property and home of Thomas Smith and Gloria and Cecilia Guyton. Smith owned the house at 332-334 West Robert E. Lee Blvd., and the Guytons and Smith resided there. State Farm Fire and Casualty Company insured the residence at the time of the explosion. State Farm paid $183,-761.00 to Smith for the damage to the home and property.
On the date of the explosion, an employee of defendant, the Sewerage and Water Board of New Orleans (SWB), dug a trench with a backhoe to provide service to a new residence in the neighborhood and struck and ruptured a natural gas line.
Before beginning the work, SWB notified New Orleans Public Service, Inc., (NOPSI) of its intentions, and NOPSI (now Entergy New Orleans, Inc.) contracted with NORCO Construction Company to locate and mark the underground utilities. NOPSI directed a NORCO employee to mark the gas service lines.
STATEMENT OF THE CASE
Three separate suits arose from the explosion. First, State Farm filed suit[1]. Second, the Guytons filed suit. Third, Smith filed suit. In each suit, the |2defendants included SWB, NOPSI, and NORCO. Defendants answered the three suits, and the district court consolidated them.
State Farm filed a Supplemental and Amending Petition to demand exemplary damages under LSA-C.C. art. 2315.3. Defendants moved to strike this demand for punitive damages on 9 April 1996, and the Court granted defendants’ Motion. State Farm did not appeal this decision.
In both Smith’s and the Guytons’ original Petition, they demanded exemplary damages under LSA-C.C. art. 2315.3 from the defendants for the “storage, handling or transportation of hazardous or toxic substance”. Defendants NOPSI and NORCO filed a Motion for Summary Judgment seeking dismissal of Smith’s and the Guytons’ claims for exemplary damages. The district court dismissed Smith’s and the Guytons’ claims for exemplary damages. They appealed.
ASSIGNMENT OF ERROR: The trial court erred in determining that, as a matter of law, natural gas is not a hazardous or toxic substance under Article 2315.3 and dismissing Smith’s and the Guytons’ claims for exemplary damages.
Defendants argue that the Legislature did not intend to include natural gas within the scope of “hazardous or toxic substances” for the purposes of LSA-C.C. art. 2315.3.
LSA-C.C. art. 2315.3, then applicable, allowed recovery of exemplary damages under certain circumstances related to the storage, handling, or transportation of hazardous or toxic substances:
In addition to general or special damages, exemplary damages may be awarded, if it is proved that plaintiffs injuries were caused by the defendant’s wanton or reckless disregard for public safety in the storage, handling, or transportation of | ¡¡hazardous or toxic substances. As used in this Article, the term hazardous or toxic substances shall not include electricity.
LSA-C.C. art. 2315.3.
Whether LSA-C.C. art. 2315.3 includes natural gas within its scope involves a mixed question of law and fact. Vincent v. Southwest Louisiana Electric Membership Corp., 666 F.Supp. 94, 96 (W.D.La.1987). Interpretation of statutory terms is a question of law. Waller v. American Seafoods Co., 97-0302 (La.App. 4 Cir. 10/1/97); 700 So.2d 1306, 1307; writ not considered 97-2769 (La.1/30/98); 709 So.2d 693. LSA-C.C. art. 2315.3 allows awards of punitive damages if certain circumstances are proved by plaintiffs. Billiot v. B.P. Oil Co., 93-1118 (La.9/29/94), 645 So.2d 604, 613. Punitive damage awards contravene the general rule in Louisiana that damages are for “compensation” only, and statutes expressly authorizing awards of punitive damages must be strictly construed. Cracco v. Barras, 520 So.2d 371, 372 (La.1988); International Har *292 vester Credit Corp. v. Seale, 518 So.2d 1039, 1041 (La.1988).
Defendants argue that, as a matter of law, LSA-C.C. 2315.3 excluded natural gas from its definition of “hazardous or toxic substances”. Defendants offered no evidence. At trial, plaintiffs bear the burden of proving that natural gas is a “hazardous or toxic substance[s]”. Billiot, supra at 613. Article 2315.3, as amended in 1990, excludes only one substance, “electricity”. Quick v. Myers Welding and Fabricating, Inc., 94-282 (La.App. 3 Cir. 12/7/94); 649 So.2d 999, 1003, writ denied 95-0729 (La.4/28/95), 653 So.2d 598.
Defendants contend that the Court must construe the Article and the statute in pari materia only under LSA-C.C. art. 13. Vincent, supra at 96. Defendants Largue that the definition of “hazardous or toxic substances” for purposes of LSA-C.C. art. 2315.3 excludes natural gas because LSA-R.S. 30:2272 explicitly excepts natural gas and other petroleum products from its definition of “[h]azardous substance”. Defendants argue that other courts’ decisions to the contrary wrongly interpret Louisiana law. Finally, defendants contend that they are entitled to a judgment as a matter of law on the issue of exemplary damages.
Legislation and custom are the source of law in Louisiana. LSA-C.C. art. 1. Legislation reflects the will of the legislature. LSA-C.C. art. 2. Because the legislature failed to provide an answer to the question whether handlers of natural gas are susceptible to exemplary damage awards, this court is further reminded of another pivotal rule of our civilian system of laws. When no rule for a particular situation can be derived from legislation or custom, the court is bound to proceed according to equity. To decide equitably, resort is made to justice, reason and prevailing usages. LSA-C.C. art. 4.
Defendants argue for statutory interpretation in pari materia under LSA-C.C. art. 13 only. However, proper rules of interpretation also require that words of a law must be given their generally prevailing meaning. LSA-C.C. art. 11. Although the legislature failed to define “hazardous or toxic substances” in LSA-C.C. art. 2315.3, the court is not persuaded that LSA-R.S. 30:2272 is the only source from which the court should construe the intended meaning of the phrase.
LSA-R.S. 30:2272 defines “[hjazardous substance”. The definition of “[hjazardous substance” provides, in pertinent part:
“[hjazardous substance” means any gaseous, liquid, or solid material which because of its quantity, concentration or physical, chemical, or biological composition when released into the environment poses a substantial present or potential hazard to human health, the environment, or property, and which material is identified or designated as being hazardous by rules and regulations adopted and 15promulgated by the Secretaries of the Department of Environmental Quality or of the Department of Public Safety and Corrections, regardless of whether it is intended for use, reuse, or is to be discarded.
LSA-R.S. 30:2272(4)(a). The statute further provides certain factors in “finding that a material is hazardous.” LSA-R.S. 30:2272(4)(b). Finally, the Legislature, defining the term “[hjazardous substance”, also provided:
The term does not include petroleum, including crude oil or any fraction thereof which is not otherwise specifically listed or designated as a hazardous substance under this Subsection, and the term does not include natural gas, natural gas liquids, liquified natural gas, or synthetic gas usable for fuel (or mixtures of natural gas and such synthetic gas).
LSA-R.S. 30:2272(4)(c). Clearly, the Legislature explicitly excluded natural gas from the scope of Chapter 12, entitled “Liability for Hazardous Substance Remedial Action” and limited the applicability of the general definition of “[hjazardous substance” in LSA-R.S. 30:2272. However, the Legislature also explicitly limited the definition ascribed to the term “[hjazardous substance” to the parameters of Chapter 12. Moreover, the exception expressly announced in LSA-R.S. 30:2272(4)(c) does not grant this court license to disregard the rule requiring plain *293 meaning announced by Article 11 of the Louisiana Civil Code for interpretation of terms used in LSA-C.C. art. 2315.3 and imply an exception where none exists. Billiot, supra at 614. Finally, assuming again that the definition of “[h]azardous substance” provided by LSA-R.S. 30:2272 determines the issue what are “hazardous ... substances” for LSA-C.C. art. 2315.3, the defendants have failed to address the issue whether natural gas is included within the definition of “toxic substances”. Thus, defendants’ argument, for interpretation of Article 2315.3 in pari materia LSA-R.S. 30:2272(4)(c) only lacks merit.
160ther courts’ opinions further persuade this court in its opinion. In Bouy v. Transcontinental Gas Pipe Line Co., 645 F.Supp. 109, 110-11 (M.D.La.1986), the court faced the exact issue presented here. The court pointed out that Louisiana courts “have held natural gas to be a ‘dangerous’ substance” warranting a high degree of care from handlers and held that natural gas was a “hazardous or toxic substance”. Bouy, supra at 110-111. The court considered both the legislative history of LSA-C.C. art. 2315.3 and jurisprudence.
Vincent also concerned the scope of LSA-C.C. art. 2315.3. Specifically, the court considered the issue whether Article 2315.3 covered electricity. The court reasoned that “substances”, used in Article 2315.3 and construed with the general definition of “[h]az-ardous substance” in LSA-R.S. 30:2272, did not include electricity. Vincent, supra at 96. Thus, Vincent decided that electricity is not a “substance”, it did not decide that electricity is not “hazardous or toxic”. Natural gas is clearly a “substance”. Accordingly, Vincent lends the defendants no support.
Bouy and Vincent are compatible. First, both Bouy and Vincent were decided before the 1990 amendment to LSA-C.C. art. 2315.3, excluding explicitly “electricity” from its scope. Vincent applied the general definition, not any exceptions, of the term from LSA-R.S. 30:2272. Finally, neither Vincent nor Bouy addressed the question whether natural gas is “toxic”. Therefore, the jurisprudence, including both Bouy and Vincent, correctly guides, under proper civilian concepts of interpretation, courts in defining “hazardous or toxic substance”.
Recently another court has refused to except, by implication, natural gas from the scope of LSA-C.C. art. 2315.3. In Rivera v. United Gas Pipeline Company, 96-502, 96-503, and 97-161 (La.App. 5 Cir. 6/30/97); 697 So.2d 327, 335, the court held that the issue, whether “hazardous or toxic substances” includes natural gas, had already been decided affirmatively on a writ application in that case.
This court is not persuaded by defendants’ arguments that the courts deciding Bouy and Rivera wrongly refused to impliedly except natural gas from the limits of LSA-C.C. art. 2315.3 and to limit the definition of “hazardous or toxic substances”.
In short, based on our analysis of the history and purpose of the legislation and guided by the decisions of other courts, we cannot say that the Legislature intended to exempt natural gas from the scope of LSA-C.C. art. 2315.3 as a matter of law. Because defendants offered no evidence, failing to affirmatively show the absence of evidence on the record that natural gas is not a “toxic substance” under LSA-C.C. art. 2315.3, the trial court incorrectly granted defendants’ Motion for Summary Judgment. Accordingly, we reverse the trial court’s summary judgment and remand this matter for further proceedings.

REVERSED AND REMANDED.

LOBRANO, J., concurs.

. Even though State Farm's suit was assigned a number on appeal, the record reveals that no appeal was lodged in this suit.