714 So.2d 787 (1998)
Douglas WISNER
v.
PROFESSIONAL DIVERS OF NEW ORLEANS.
No. 97-CA-2559.
Court of Appeal of Louisiana, Fourth Circuit.
April 29, 1998.
Rehearing Denied May 29, 1998.
*788 Conrad S. P. Williams, III, St. Martin, Lirette & Williams, Houma, and Joseph W. Walker, Franklin, Mosele & Walker, Houston, TX, for Plaintiff-Appellant.
*789 Richard S. Vale, Blue Williams, L.L.P., Metairie, for Defendant-Appellee.
Before BARRY, WALTZER and LANDRIEU, JJ.
WALTZER, Judge.
Plaintiff contends that his employment with defendant as a diver entitles him to seaman status under the Jones Act. The trial court granted defendant's summary judgment after determining that plaintiff was not a seaman.

FACTS
On 15 January 1994, plaintiff, Douglas Wisner, dove from a fixed platform, during his employment with defendant, Professional Divers of New Orleans, Inc. (PDNO). The platform was located beyond the three mile boundary for the State of Louisiana. Plaintiff performed diving operations pursuant to a contract between defendant and Dolphin Company, which had previously contracted with the platform's owner/operator.
On 16 January 1994, plaintiff developed symptoms of an injury, dizzy spells and shortness of breath. He sought and received treatment for an atrial flutter. Plaintiff alleges his condition was caused by defendant's negligence in his decompression after the dive of 15 January 1994, and other acts of negligence.
Wisner worked for defendant as a diver from November 1992 until January 1994. In the course of this employment, defendant assigned Wisner to numerous jobs, of which ten percent (10 %) required the plaintiff to work off fixed platforms and the remaining ninety percent (90 %) required him to work from vessels. Wisner worked on approximately fourteen (14) different vessels owned by twelve (12) different companies. These facts were uncontested by the parties before the trial court, and the record on appeal supports these assignments.

STANDARD OF REVIEW
Appellate courts must review summary judgments de novo. Waller v. American Seafoods Co., 97-0302 (La.App. 4 Cir. 10/1/97); 700 So.2d 1306, 1307. A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966 B. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden does not require him to negate all essential elements of the adverse party's claim, but rather to point out to the court that there is an absence of factual support for one or more essential elements of the adverse party's claim. La.C.C.P. art. 966 C(2).
The question of seaman status is a mixed issue of law and fact. Harbor Tug and Barge Co. v. Papai, 520 U.S. 548, 117 S.Ct. 1535, 1540, 137 L.Ed.2d 800 (1997). Interpretation of statutory terms is a question of law. Chandris, Inc. v. Latsis, 515 U.S. 347, 369, 115 S.Ct. 2172, 2190, 132 L.Ed.2d 314 (1995). If reasonable minds applying the proper legal standard could differ, the employee's status as a seaman should be left with the jury. However, "summary judgment or directed verdict is mandated where the facts and the law will reasonably support only one conclusion." McDermott International, Inc. v. Wilander, 498 U.S. 337, 356, 111 S.Ct. 807, 818, 112 L.Ed.2d 866 (1991).
ASSIGNMENT OF ERROR: The trial court erred in determining that plaintiff was not a seaman under the Jones Act because he did not serve a fleet of vessels under common ownership or control.
The Jones Act and the Longshore and Harbor Workers' Compensation Act provide two mutually exclusive remedies for maritime workers. Papai, supra at ___, 117 S.Ct. at 1539. The Jones Act provides an action for damages for any "seaman" who suffers injury in the course of his employment but does not define the term, "seaman". 46 U.S.C. sec. 688(a). The LHWCA excludes from its coverage "a master or member of a crew of any vessel." 33 U.S.C. sec. 902(3)(G). In determining whether plaintiff is a seaman under the Jones Act, the court *790 must construe that term as limited by the LHWCA. Barrett v. Chevron, U.S.A., Inc., 781 F.2d 1067, 1070 (5th Cir.1986).
Extensive jurisprudence assists us to determine whether a maritime worker enjoys seaman status under the Jones Act and is excluded from coverage by the LHWCA as a member of a crew of a vessel. Specifically, the United States Supreme Court has exhaustively addressed the appropriate standard by which to judge seaman status in this decade.
Essentially, the Court explained that two requirements control a maritime worker's eligibility for seaman status. The basic rule governing who is a seaman remains rooted in the federal Fifth Circuit's opinion in Offshore Company v. Robison, 266 F.2d 769, 779 (5th Cir.1959). First, the employee's duties must contribute to the function of the vessel or to the accomplishment of its mission. This element is broadly applied and is not disputed in this matter. Second, the maritime worker must have a "connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature." Chandris, supra at 368, 115 S.Ct. at 2190. "In deciding whether there is an identifiable group of vessels of relevance for a Jones Act seaman status determination, the question is whether the vessels are subject to common ownership or control." Papai, supra at ___, 117 S.Ct. at 1541.
Plaintiff argues for application of jurisprudence granting divers, employed by one company to perform maritime tasks, and other similarly-situated maritime workers seaman status, even though the employee did not enjoy a permanent assignment to or have a substantial connection to a vessel or fleet of vessels under common ownership or control. Moreover, plaintiff argues that commercial divers are by the nature of their duties inherently entitled to status as seaman under the Jones Act. Basically, he argues that his job entitles him to seaman status regardless of connection to a vessel or fleet of vessels.

Connection to a Fleet of Vessels Subject to Common Ownership or Control
Wisner contends that Papai is not controlling, since his situation is distinguishable from Mr. Papai's employment arrangement. The Supreme Court specifically explained that "[a]n important part of the test for determining who is a seaman is whether the injured worker seeking coverage has a substantial connection to a vessel or a fleet of vessels, and the latter concept requires a requisite degree of common ownership or control." The Court held that the only connection between the numerous vessels on which Papai served was the union hiring hall from which many employers hired various maritime workers for separate and distinct employments, and this connection did not constitute a fleet for purposes of seaman status. However, the Court explained that "[f]or the substantial connection requirement to serve its purpose, the inquiry into the nature of the employee's connection to the vessel must concentrate on whether the employee's duties take him to sea." Furthermore, the Court stated, "[t]his is not a case where the employee was hired to perform seagoing work during the employment in question, however brief, and we need not consider here the consequences of such an employment." Papai, supra at ___ _ ___, 117 S.Ct. at 1540-43.
Wisner argues because he was hired to work only as a diver for PDNO on its various jobs, no reason exists for application of the rule of "a requisite degree of common ownership or control" of the vessels constituting a fleet. In Papai, the Court further explained the fleet concept and the relevant period of the maritime worker's employment. First, the Court held that if an employee alleges seaman status based on his connection to a fleet of vessels, he must prove that the vessels are subject to "the requisite degree of common ownership or control." Furthermore, the Court concluded that to distinguish between land-based and sea-based maritime workers, "the inquiry into the nature of the employee's duties for seaman-status purposes may concentrate on a narrower, not broader, period than the employee's entire course of employment with his current employer." Papai, supra at ___, 117 S.Ct. at 1543.
*791 However, Wisner's entire employment with PDNO is considered in determining whether he has a substantial connection to a vessel or fleet of vessels, under some degree of common ownership or control. The parties have not argued otherwise.
We are not persuaded that the rule requiring common ownership or control of the vessels constituting a fleet is not applicable to plaintiff's claim for seaman status, simply because plaintiff, a commercial diver, worked for one employer who assigned him to work from numerous vessels during the course of his employment.

Inherent Seaman Status of Commercial Divers
Plaintiff argues that prior jurisprudence carved out an exception to this general rule demanding common ownership or control of the fleet of vessels. He relies on several decisions, both state and federal, for this proposition, including: Wallace v. Oceaneering Int'l., 727 F.2d 427 (5th Cir.1984); Hall v. Professional Divers of New Orleans, 865 F.Supp. 363 (E.D.La.1994); and Lucas v. Tetra Technologies, Inc., 97-1195 (La.App. 4 Cir. 9/17/97); 700 So.2d 560.
In Wallace, supra the court recognized its numerous opinions requiring common ownership or control of the vessels constituting a fleet but held "that a commercial diver, who embodies the traditional and inevitably maritime task of navigation, has the legal protection of a seaman when a substantial part of his duties are performed on vessels." The court explained that "[i]t is the inherently maritime nature of the tasks performed and perils faced by his profession, and not the fortuity of his tenure on the vessel from which he makes the particular dive on which he was injured, that makes Wallace a seaman." 727 F.2d at 436. However, a particular fact of Wallace, supra often omitted is that the plaintiff diver was permanently assigned to a particular vessel when the defendant hired him, but this vessel was not available when the job on which he was injured occurred. 727 F.2d at 430. Here, in contrast, Wisner was neither permanently assigned to a vessel nor was he even temporarily assigned to a vessel when injured. Wisner dove from a fixed platform.
In Hall, the federal district court followed the rule of Wallace. In Lucas, this court relied on Hall for its result. We believe, especially after the Supreme Court's recent decision in Papai, that the rule requiring common ownership or control for vessels to constitute a fleet requires a different result. Moreover, because the parties to this dispute are not quarreling about the relevant period of plaintiff's employment with defendant, we do not believe the cases upon which plaintiff relies for his argument are controlling.
PDNO employed Wisner for approximately two years before his injury in January 1994. He worked as a diver for the entire two years of his employment with defendant and dove from both vessels and fixed platforms. Wisner worked on fourteen different vessels owned by twelve different entities. He alleges that he has a substantial connection to a fleet of vessels. However, plaintiff fails to argue that the vessels constituting the fleet were subject to any common ownership or control. Guided by the rule announced in Papai that numerous vessels constitute a fleet only when these vessels are subject to some degree of common ownership or control, we agree with the trial court's conclusion that plaintiff has not established sufficient connexity to a vessel or fleet of vessels.

CONCLUSION
Here plaintiff argues that he is a seaman either because he is connected to a fleet or because, as a diver, he is engaged in inherently maritime work and is thus a Jones Act seaman. Wisner did not offer any evidence that the fleet of vessels to which he claims a connection was subject to any degree of common ownership or control.
When Wisner was injured, he was in no sense "a master or member of a crew" of any vessel. Indeed, he was working from a non-vessel platform when injured. Plaintiff failed to prove any connection to any vessel or fleet of vessels under a degree of common ownership or control. Moreover, while diving may be inherently maritime, to be a *792 seaman, a plaintiff must be doing the inherently maritime task on or from a vessel.
For the reasons given above, we affirm the trial court's summary judgment denying the plaintiff's claim for seaman status and dismissing his claims under the Jones Act.
AFFIRMED.